**Dwayne A. PORTER, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 83A05–9602–CR–57.**

Court of Appeals of Indiana.

Sept. 30, 1996.

Transfer Denied Dec. 4, 1996.

---

Larry Crawford Thomas, Clinton, for Appellant–Defendant.

Pamela Carter, Attorney General, Phillip D. Hatfield, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RUCKER, Judge.

After a trial by jury Defendant–Appellant Dwayne Porter was convicted of battery with a deadly weapon, a Class C felony.[1] He now appeals raising a single issue for our review: whether the trial court erred by instructing the jury on attempted voluntary manslaughter and battery with a deadly weapon as lesser-included offenses of attempted murder. We affirm.

On the night of January 27, 1995 Porter and a group of friends were drinking and socializing at a mobile home in Clinton, Indiana. At some point during the night one of the friends, Clay Firestone, confronted Porter about an item allegedly taken from Firestone's girlfriend. When Porter acknowledged taking the item but refused to return it an argument ensued. As the argument escalated Porter retrieved a handgun, pointed it at Firestone and fired two shots one of which struck Firestone in the chest. Firestone was taken to a nearby hospital for treatment and ultimately recovered from his injuries.

Thereafter Porter was charged by information with attempted murder and carrying a handgun without a license. The case proceeded to trial, and after the State rested Porter moved for a directed verdict on the handgun charge which the trial court granted. At the close of trial, as requested by the State and over Porter's objection, the trial court instructed the jury on attempted voluntary manslaughter and battery with a deadly weapon as lesser-included offenses of attempted murder. The jury found Porter guilty of battery with a deadly weapon and this appeal ensued in due course.

Porter contends the trial court erred in instructing the jury on the alleged lesser included offenses. According to Porter the charging information so closely tracked the murder statute that the State was not entitled to an instruction on battery with a deadly weapon or on attempted voluntary manslaughter.

In *Wright v. State,* 658 N.E.2d 563 (Ind.1995) our supreme court set forth a three-prong analysis that a trial court must perform when called upon to instruct a jury on a lesser included offense. First the trial court must compare the statute defining the crime charged with the statute defining the alleged lesser included offense. If the alleged lesser included offense can be established by proof of the same material elements or less than all the material elements, or if the only feature distinguishing the alleged lesser included offense from the crime charged is that a lesser culpability is required to establish the commission of the lesser offense, "then the alleged lesser included offense is *inherently* included in the crime charged." *Wright,* 658 N.E.2d at 566 (emphasis in the original). Second, if the trial court determines that an alleged lesser included offense is not inherently included in the crime charged, then the trial court must compare the charging instrument with the

---

1. Ind.Code § 35–42–2–1(a)(3).

statute defining the alleged lesser included offense. If the charging instrument alleges that the means used to commit the crime include all of the elements of the alleged lesser included offense, "then the alleged lesser included offense is *factually* included in the crime charged...." *Id.* at 567 (emphasis in the original).[2] Third, if the trial court determines the alleged lesser included offense is factually or inherently included in the crime charged, then it must examine the evidence presented by both parties. If there is a serious evidentiary dispute concerning one or more elements distinguishing the greater from the lesser offense, and if in view of the dispute, a jury could conclude that the lesser offense was committed but the greater offense was not "then it is reversible error not to give an instruction, when requested, on the inherently or factually included offense." *Id.* at 567.

■ Porter was charged by information with attempted murder. Battery by means of a deadly weapon requires a touching; and because it is possible to commit attempted murder without touching the intended victim, battery is not an inherently lesser included offense of attempted murder. *Leon v. State,* 525 N.E.2d 331 (Ind.1988). However we conclude that in this case battery is factually included in the offense. The elements of battery with a deadly weapon are (1) knowingly or intentionally (2) touching (3) another person (4) in a rude, insolent or angry manner (5) by the use of a deadly weapon. Ind. Code § 35–42–2–1(3). In relevant part the charging information here provides:

> [O]n or about the 28th day of January 1995, in Vermillion County, State of Indiana, Dwayne A. Porter did, with the intent to kill another human being, to wit: Clay Firestone, intentionally shoot Clay Firestone with a 25 caliber semi-automatic

handgun, which conduct constituted a substantial step toward commission of the crime of murder.

*Record* at 20. Comparing the statute defining battery with the charging information, it is clear the information alleges that the means used to commit attempted murder also include the elements of battery with a deadly weapon. *See Johnson v. State,* 464 N.E.2d 1309 (Ind.1984) (battery as a C felony factually included in the charged offense of attempted murder where the charging information alleged that the defendant knowingly or intentionally shot a round of live ammunition at the victim from a pistol he held in his hands and that the round of ammunition struck and wounded the victim). *See also Leon,* 525 N.E.2d at 332 (battery by means of a deadly weapon is a lesser included offense of attempted murder where the charging information alleged infliction of a wound).

The critical element distinguishing battery with a deadly weapon from attempted murder is intent to kill. And the record before us reveals a serious evidentiary dispute concerning this element. In its case in chief the State attempted to show that when Porter fired the handgun at Firestone, Porter was attempting to kill him. Porter took the stand in his own defense and admitted shooting Firestone but testified that he did not actually intend to shoot him but rather he did so only by accident while firing warning shots. Although the jury was not required to believe Porter's version of the events, it was a matter for the jury to conclude whether the lesser offense was committed but the greater one was not. The trial court properly instructed the jury on the lesser included offense of battery with a deadly weapon.

■ The jury was also instructed on the offense of attempted voluntary manslaughter.

---

2. Citing language from *Meriweather v. State,* 659 N.E.2d 133 (Ind.Ct.App.1995), *trans. denied,* decided two weeks after *Wright,* Porter argues that the second step requires the trial court to determine whether the charging information for the original charged offense "'closely tracks' the statutory definition of the original crime charged." *Brief of Appellant* at 9. We first observe that *Meriweather* stands for no such proposition. In any event the supreme court made clear that it is a "misstatement of law that if a charging instru-

ment closely tracks the statutory language defining the crime charged, a trial court should *never* instruct a jury on a lesser included offense." *Wright,* 658 N.E.2d at 570 (emphasis in the original). Rather, the correct rule is that "the State may only foreclose instruction on a lesser offense that is not inherently included in the crime charged by omitting from a charging instrument factual allegations sufficient to charge the lesser offense." *Id.*

Ind.Code § 35–42–1–3; Ind.Code § 35–41–5–1. Porter complains this was error because there was no evidence of sudden heat. Because the jury did not convict Porter of attempted voluntary manslaughter, we find that any error in reading this instruction was harmless.

Judgment affirmed.

BARTEAU and GARRARD, JJ., concur.