Scottie R. EDWARDS, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A02–0109–CR–628.

Court of Appeals of Indiana.

Aug. 19, 2002.

John (Jack) F. Crawford, Crawford & Devane, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Scottie Edwards appeals his conviction for Attempted Murder.[1] He presents three issues for our review, which we restate as:

(1) whether the trial court gave an erroneous jury instruction regarding the requisite mens rea for attempted murder;

(2) whether the trial court erred in failing to instruct the jury on the lesser included offense of Battery;[2] and

(3) whether defendant's statement to police should have been admitted.

Finding the first issue to be dispositive, we reverse Edwards's conviction. However, as the remaining two issues are likely to resurface upon retrial, we also address the merits of his other claims.

The facts reveal that Lynn Ford, the victim of the stabbing in this case, began dating Edwards's ex-wife in January of 2001. In early February of 2001, witnesses saw Edwards sitting in a vehicle in the apartment complex where Ford lived, watching Ford's apartment by using binoculars. One witness also saw Edwards remove mail from Ford's mailbox.

On February 11, 2001, Ford returned to his apartment following a date with Edwards's ex-wife. As he walked up the sidewalk, he was confronted by Edwards. Both individuals testified to differing versions of what occurred. Edwards claimed that Ford punched him and that he only stabbed Ford in self-defense. Ford claimed that Edwards lunged at him, knocking him to the ground and then stabbed him several times. Ford was taken to the hospital and treated for stab wounds to the back, arm, side, and back of the head, and for a punctured lung.

I

*Instruction on Mens Rea*

Edwards asserts that the trial court erred in instructing the jury, over his objection, regarding the requisite level of mens rea necessary to convict him of attempted murder. The instruction given to the jury stated:

"The crime of attempted murder is defined as follows: A person attempts to commit a murder when, acting with the conscious purpose of killing another person, he engages in conduct that constitutes a substantial step toward killing the person.

To convict the Defendant of attempted murder, the State must have proved each of the following elements beyond a reasonable doubt:

The Defendant, Scottie R. Edwards

1. acting with the specific intent to kill Lynn Ford

2. did *knowingly* stab with a deadly weapon, that is, a knife at and against the person of Lynn Ford

3. which was conduct constituting a substantial step toward the commission of the intended crime of killing Lynn Ford.

If the State failed to prove each of these elements beyond a reasonable

---

1. Ind.Code § 35–41–5–1 (Burns Code Ed. Repl.1998), Ind.Code § 35–42–1–1 (Burns Code Ed. Supp.2002).

2. Ind.Code § 35–42–2–1 (Burns Code Ed. Supp.2002).

doubt, you cannot [find] the defendant guilty.

If the State did prove each of these elements beyond a reasonable doubt, you may find the defendant guilty of the crime of Attempt[ed] Murder, a Class A felony." Appendix at 118. (emphasis supplied).

In *Spradlin v. State*, 569 N.E.2d 948 (Ind.1991), our Supreme Court first announced the now well-known standard that a trial court may not instruct the jury that a "knowing" mens rea is sufficient to establish guilt for attempted murder. *See Williams v. State*, 737 N.E.2d 734, 736 (Ind.2000) (stating "In *Spradlin*, we established that it was reversible error for a trial court to instruct a jury that a 'knowing' mens rea was sufficient to establish guilt of attempted murder"). Since that time, numerous opinions of both our Supreme Court and this court have held that it is improper to include the term "knowing" in the mens rea instruction, even when the instruction properly states that the "specific intent to kill" is required. *See Ramsey v. State*, 723 N.E.2d 869 (Ind. 2000); *Clay v. State*, 766 N.E.2d 33 (Ind. Ct.App.2002); *Booker v. State*, 741 N.E.2d 748 (Ind.Ct.App.2000); *State v. Foster*, 733 N.E.2d 534 (Ind.Ct.App.2000). However, as the State correctly asserts, in all of these cases except *Foster*, it was held that the error did not result in reversal.

While it is true that Indiana courts seldom hold that fundamental error oc-curs when the correct mens rea is included in the instruction, in addition to the erroneous "knowing" mens rea, we are not presented with a case in which we must address fundamental error. Rather, Edwards properly preserved this issue for our review by objecting to the erroneous instruction. *See* Ind. Trial Rule 51; Ind. Criminal Rule 8. In *Greer v. State*, 643 N.E.2d 324, 326 (Ind.1994), our Supreme Court explicitly noted the distinction between preserved errors and unpreserved errors in the context of instructing the jury regarding the mens rea requirement in attempted murder. Chief Justice Shepard, writing for four justices of the Court stated, "Where the defendant objects at trial, giving the trial court an opportunity to correct the instruction, an erroneous instruction on the elements of attempt yields an automatic reversal." *Id.* And as this court stated in *Booker*, "a jury instruction on attempted murder should make no mention of the mens rea of 'knowingly.'" 741 N.E.2d at 751.

The instruction as given was clearly improper. As has been mandated by both our Supreme Court and this court, "knowingly" should not be used in an instruction on attempted murder.[3] While the correct mens rea was included in the jury instruction, we have no means of determining whether the use of the term "knowingly" may have impacted the jury's determination of Edwards's guilt.[4] Accordingly, we

---

**3.** We once again admonish trial courts to refrain from giving jury instructions on attempted murder which include the term "knowingly." However, we do not put the burden solely upon the trial court, but also direct the parties to refrain from using the term in instructions submitted to the trial court.

**4.** We note that the use of "knowingly" was directed toward the act of stabbing Ford, as noted by the Deputy Prosecuting Attorney in response to Edwards's objection. While not specifically addressed by the parties upon appeal, we present the proposition that an individual could not knowingly commit an act when that individual also intends to bring about the final result of the death of another. Rather, if one intends to cause the death of another, that individual must have also acted intentionally in committing the act to bring about the desired result. In some sense, the intent to bring about the final result of death

reverse Edwards's conviction for attempted murder.

Be that as it may, our reversal of Edwards's conviction does not preclude his retrial. As our Supreme Court held in *Robinette v. State*, 741 N.E.2d 1162, 1168 (Ind.2001), double jeopardy does not bar retrial when there is sufficient evidence to support a conviction. In this case, there is no dispute between the parties that Edwards stabbed Ford. Rather, the jury's duty was to determine which version of events to believe in determining the innocence or guilt of Edwards.

Even though we have reversed Edwards's conviction, we are compelled to address his remaining issues, as they are likely to resurface at his retrial.

## II

*Instruction on Lesser Included Offense*

In *Wright v. State*, 658 N.E.2d 563 (Ind.1995), our Supreme Court clarified the law regarding when a trial court must give an instruction, at a party's request, on a lesser included offense. The Supreme Court established a three-part test, consisting of the following questions: (1) is the lesser offense inherently included in the crime charged, (2) is the lesser offense factually included in the crime charged, and (3) if the lesser offense is inherently or factually included, is there a serious evidentiary dispute about the element or elements distinguishing the greater offense from the lesser and could a jury conclude that the lesser offense was committed but not the greater. *Id.* at 566–67. If the trial court determines that a jury could conclude that the lesser offense was com-

mitted but not the greater with which the individual was charged, then the trial court must give the instruction on the lesser included offense. *Id.* at 567.

Edwards asserts that the trial court erred in failing to give the jury his tendered instruction on what he claims was the lesser included offense of battery. Edwards also asserts that the trial court erroneously failed to determine whether there was a serious evidentiary dispute, but rather, determined that battery was not a lesser included offense of attempted murder. When the trial court fails to make a finding upon whether a serious evidentiary dispute exists, but rather rejects the tendered instruction on its view of the law, appellate review is de novo. *Brown v. State*, 703 N.E.2d 1010, 1019 (Ind.1998).

The trial court's statements indicate the trial court believed that battery could not be a lesser included offense of attempted murder. Both the State and Edwards agree that battery is not an inherently included lesser offense of attempted murder. *See Johnson v. State*, 464 N.E.2d 1309, 1310 (Ind.1984) (holding that battery is not an inherently lesser included offense because battery requires a touching and it is possible to commit the offense of attempted murder without touching the intended victim). However, both parties also agree that battery is a factually included lesser offense of attempted murder as charged in this case. We agree.

The charging information stated that Edwards "knowingly stab[bed] with a deadly weapon . . . at and against the per-

---

must subsume the intent to commit the act. However, the intent element related to the act does not automatically subsume the intent element of the result, causing the death of another. *See Scott v. State*, 771 N.E.2d 718 (Ind.Ct.App.2002) (holding that because an

individual must act with the intent to arouse or satisfy sexual desires when committing an act of deviate sexual conduct, that individual must have also committed the act intentionally and not knowingly).

son of Lynn Ford." Appendix at 24. Battery as a Class C felony, as defined by statute, is the (1) knowing or intentional, (2) touching, (3) of another person, (4) in a rude, insolent, or angry manner, (5) by the use of a deadly weapon. Ind.Code § 35–42–2–1 (Burns Code Ed. Supp.2002). *See also Porter v. State*, 671 N.E.2d 152, 154 (Ind.Ct.App.1996), *trans. denied*. The act as alleged in the charging information establishes all five of the listed elements of battery as a Class C felony. Therefore, battery is a factually included lesser offense of attempted murder under the facts of this case. *See Noble v. State*, 725 N.E.2d 842 (Ind.2000); *Porter*, 671 N.E.2d at 154. As such, the trial court erred in failing to make a determination of whether the jury could conclude that Edwards committed the act of battery but did not commit the crime of attempted murder. Therefore, we make the de novo determination of whether the instruction should be given.

■ When determining whether a serious evidentiary dispute exists which warrants the giving of a lesser included offense instruction, we must focus upon the evidence as presented in the case by the parties. *See Wright*, 658 N.E.2d at 567. If the evidence does not support the giving of a requested instruction on a lesser included offense, the instruction should not be given. *Id.*

Edwards's claim at trial was that he acted in self-defense in stabbing Ford and that he never intended to kill him. The State's theory of the case is that Edwards was acting with the intent to kill Ford when he stabbed him. The State asserts that this does not lead to a serious evidentiary dispute about the intent of Edwards to murder Ford. We must disagree. Whether Edwards possessed the intent to kill Ford, or was acting solely in self-defense, are separate theories utilized by Edwards. It is the role of the jury to determine whether to believe Edwards's claims. *See Williams v. State*, 714 N.E.2d 671, 673 (Ind.Ct.App.1999) (stating that the jury is the trier of fact and is entitled to determine which version of the incident to credit). The jury could have concluded that Edwards acted solely in self-defense and acquitted him of attempted murder and battery. The jury could have also determined that while Edwards did not have the intent to kill Ford, he did commit a battery upon Ford as he was not acting in self-defense. Finally, the jury could have determined that Edwards acted with the intent to kill Ford and was guilty of attempted murder. Because a jury could have concluded that Edwards committed a battery upon Ford but did not commit the crime of attempted murder, the trial court erred in refusing to give his tendered instruction on the lesser included offense of battery.

### III

### *Admissibility of Statement*

■ Edwards's final claim is that his statement to the police should not have been admitted because the statement was not voluntary. Edwards claims that his statement was coerced because the officers with whom he was talking threatened to leave him in a locked ten-foot by ten-foot room if he requested a lawyer.[5]

---

**5.** Edwards's claim is based upon his perception of what may have happened to him based upon the detectives' comments to his question of whether he should get counsel. No assertion was made that he was explicitly threatened by one of the detectives to be locked up or left in the interrogation room indefinitely. Rather, Edwards focuses upon his uncertainty to how long he may have been left alone in the interrogation room if he requested counsel.

"When a defendant challenges the admissibility of his statement, the State must prove the voluntariness of the statement beyond a reasonable doubt." *Turner v. State*, 738 N.E.2d 660, 662 (Ind. 2000). The decision to admit a statement, following such a challenge, is left to the sound discretion of the trial court. *Id.* We will uphold the trial court's finding of voluntariness if the record discloses substantial evidence of probative value which supports the trial court's decision. *Id.* We do not reweigh the evidence, and conflicting evidence is viewed most favorably to the trial court's ruling. *Id.* A statement is voluntary if, in light of the totality of the circumstances, the statement is the product of a rational intellect and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics which have overcome the defendant's free will. *See Ringo v. State*, 736 N.E.2d 1209, 1212 (Ind.2000).

The sequence of events at issue began when Edwards was being advised of his rights by Detective Claire Hockman Stipe of the Marion County Sheriff's Department. Edwards questioned Detective Stipe about whether he needed an attorney. Detective Stipe informed him that the decision was up to him and that she would have to stop talking to Edwards if he wanted an attorney. At that time, Detective Howard Pollard, who was also in the room, stood up and said that if Edwards wanted an attorney, they would not be able to talk to him.[6] Edwards responded that he would talk to Detective Stipe.

When Edwards was informed of his Miranda rights, he was provided a form with those rights and was asked to initial next to each right on the form showing that he understood them. On that same form, Edwards also placed his initials alongside a list of items which stated that he did not want a lawyer at that time and that "[n]o promises or threats have been made to me and no pressure or coercion of any kind has been used against me." State's Exhibit 40. That form also stated that Edwards was willing to make a statement and answer questions. Edwards then signed the form.

Edwards's answers to questions at the hearing on his Motion to Suppress the statement indicate that he was an educated individual who was capable of understanding his rights and voluntarily and knowingly waiving them. He has a Bachelor of Science degree from Georgetown College in Kentucky. He also worked for the Department of Agriculture for approximately twenty-seven years. Edwards testified that he was intimidated by Detective Pollard, but that Detective Stipe, who took his statement, never intimidated or threatened him. Viewing all of these facts together, Edwards has not demonstrated that his statement was coerced. Therefore, we hold that Edwards voluntarily and knowingly waived his rights and his statement was properly admitted into evidence by the trial court.

### Conclusion

The trial court erred in giving a jury instruction on attempted murder which included the term "knowingly," and we reverse Edwards's conviction on that basis. However, for purposes of issues which may arise at retrial, we also hold that the trial court should have instructed the jury on the lesser included offense of battery. Finally, the statement made by Edwards to the police is properly admissible into evidence.

---

6. The law is clear that in the event an individual requests counsel, all questioning must cease and the police are no longer allowed to communicate with the individual unless the individual initiates further communication. *Bane v. State*, 587 N.E.2d 97, 103 (Ind.1992).

The judgment is reversed and we remand for a new trial consistent with this decision.

BAKER, J., and DARDEN, J., concur.