# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**PAULA M. SAUER**
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANGELA C. GARRETT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A05-1105-CR-239 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Mark A. Smith, Judge
Cause No. 32D04-0901-FA-1

**March 7, 2012**

**OPINION – FOR PUBLICATION**

**MAY, Judge**

Angela Garrett appeals her conviction of dealing methamphetamine, a Class A felony.[1] She argues the trial court should have instructed the jury on the lesser-included offense of possession of methamphetamine. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Police stopped a car in which Garrett was a passenger. The driver, Jay Haines, told police he had smoked marijuana that day and gave police an ashtray with the remains of several marijuana cigarettes. As police removed Garrett from the car, she told police there was a gun between the passenger seat and the center console. Police patted down Garrett and found two bundles of cash totaling $4,500. In her purse they found a gun, two scales, small plastic baggies, and material with which to cut the methamphetamine in order to increase its volume. A small pouch next to her purse contained about twenty-six grams of methamphetamine in three baggies, a pipe, a scale, and more small baggies. Another gun was found in the trunk.

Garrett and Haines were taken to the county jail where Garrett told a detective all the seized property belonged to her. Haines was released, but Garrett was charged with Class A felony dealing methamphetamine and Class A misdemeanor carrying a handgun without a license.[2] At trial Garrett testified Haines, and not she, was the drug dealer, and Haines had been physically abusive and had threatened to hurt her and her children if she did not tell police the drugs and weapons were hers. She testified she knew Haines was a drug dealer

---

[1] Ind. Code § 35-48-4-1.1.
[2] Ind. Code § 35-47-2-1.

2

and she carried some items in her purse even though they were not hers. She asked that the jury be instructed on the lesser-included offense of possession of methamphetamine, but the judge declined to so instruct the jury. The jury found Garrett guilty on both counts.

**DISCUSSION AND DECISION**

1.      Waiver

The State first argues Garret waived her challenge to the court's decision not to instruct on possession of methamphetamine because she did not submit a written instruction for the trial court to review. We decline to find waiver under the circumstances presented here.

When the asserted error is declining to give an instruction, "a tendered instruction is necessary to preserve error because, without the substance of an instruction upon which to rule, the trial court has not been given a reasonable opportunity to consider and implement the request." *Mitchell v. State,* 742 N.E.2d 953, 955 (Ind. 2001) (quoting *Scisney v. State,* 701 N.E.2d 847, 848 n. 3 (Ind. 1998) (distinguishing between not giving an instruction and giving an erroneous one). Failure to tender an instruction generally results in waiver of the issue for review. *Ortiz v. State*, 766 N.E.2d 370, 375 (Ind. 2002).

We decline the State's invitation to deprive Garrett of her appeal on that ground, as it is apparent from the record that the trial court, in fact, had a reasonable opportunity to consider and implement her request for the instruction.[3] Counsel for Garrett engaged in a

---

[3] As explained below, it appears the trial court misunderstood certain aspects of the possession statute – but it undoubtedly had a "reasonable opportunity to consider" the request for the instruction.

lengthy conversation with the deputy prosecutor and the court about Garrett's request for a lesser-included offense instruction, and it is apparent from the record the trial court understood the request and was able to consider it fully. As the purpose of the waiver rule is not served by applying it in this case, we choose to decide this appeal on the merits. *See McDowell v. State*, 885 N.E.2d 1260, 1262 (Ind. 2008) (finding no waiver even though objection was not sufficiently specific, because Court had "the benefit of an ensuing colloquy between the trial court and counsel, which informs us that the trial judge gave specific consideration to whether the proposed instruction was a correct statement of law").

2.      Serious Evidentiary Dispute

The trial court should have given a lesser-included offense instruction because there was a serious evidentiary dispute about whether Garret had intent to deal methamphetamine.

In *Wright v. State,* 658 N.E.2d 563 (Ind. 1995), our Indiana Supreme Court developed a three-part test that trial courts should perform when asked to instruct a jury on a lesser-included offense of the crime charged. Only the third part of the *Wright* test is at issue in this appeal:  whether the evidence presented by both parties reveals a serious evidentiary dispute about the element or elements distinguishing the greater offense from the lesser offense[4] such

---

[4] The State acknowledges Garrett presents an evidentiary dispute, but asserts Garrett denied possessing the methamphetamine; rather, the State asserts, any evidentiary dispute is "directed not to the distinguishing element between dealing and possession, but to her participation in any crime at all." (Br. of Appellee at 12.) We disagree with that characterization of the evidence. Methamphetamine was found in a make-up bag next to Garrett's purse, and Garrett knew the methamphetamine was there. There was evidence Garrett had at least constructive possession of the methamphetamine, and there was an evidentiary dispute as to whether she intended to deal it.

4

that, in view of this dispute, a jury could conclude the lesser offense was committed but not the greater. *Id.* at 567.

If there is such an evidentiary dispute, a trial court commits reversible error if it does not give the requested instruction on an inherently or factually included offense. *Id.* "[W]hen the question to instruct on a lesser included offense is a close one, it is prudent for the trial court to give the instruction and avoid the risk of the expense and delay involved in a retrial." *Griffin v. State,* 644 N.E.2d 561, 563 (Ind. 1994), *overruled on other grounds by Watts v. State*, 885 N.E.2d 1228 (Ind. 2008).

We review for an abuse of discretion a trial court's factual finding on the existence *vel non* of a "serious evidentiary dispute." *Champlain v. State*, 681 N.E.2d 696, 700 (Ind. 1997). This deference reflects and recognizes the trial court's proximity to the evidence. *Id.* If the trial court makes no ruling as to whether there is a serious evidentiary dispute, *Wright* implicitly requires the reviewing court to make that determination *de novo* based on its own review of the evidence. *Id.*

Here, the trial court did not issue written findings and conclusions, but it is apparent from the transcript that it made no ruling on the specific "serious evidentiary dispute" before us on appeal. In a lengthy exchange with counsel about Garrett's request for an instruction on possession as a lesser-included offense of dealing methamphetamine, the trial court noted "for simple possession of methamphetamine, you have to be able to show without a valid

prescription[5] . . . we didn't have any evidence of that in this case, I don't think the evidence would support giving the instruction." (Tr. at 607) (footnote added). Garrett's counsel asked "Who the heck ever had a prescription of [sic] methamphetamines," (*id.* at 608), and the court responded "Well, that is a good question. I don't know. Do they give out prescriptions for methamphetamine?" (*Id.*) After stating absence of a prescription was an element of the offense of possession,[6] the court said "the lesser-included for possession of meth will not be given for those reasons."[7] (*Id.*) We therefore address *de novo* whether there was a serious evidentiary dispute as to the lesser-included offense of possession.

In this case it is the element of intent to deliver that distinguishes dealing in methamphetamine from the lesser-included offense of possession of methamphetamine. There was a serious evidentiary dispute as to whether Garrett merely possessed methamphetamine or also intended to deliver it. Therefore, the instruction on possession should have been given.

In *Porter v. State*, 671 N.E.2d 152, 154 (Ind. Ct. App. 1996), *trans. denied*, the State charged Porter with attempted murder and the trial court denied his request for an instruction on battery with a deadly weapon. We determined there was a serious evidentiary dispute

---

[5] Ind. Code Ann. § 35-48-4-6.1 provides, in pertinent part: "A person who, without a valid prescription or order of a practitioner acting in the course of the practitioner's professional practice, knowingly or intentionally possesses methamphetamine (pure or adulterated) commits possession of methamphetamine."

[6] This appears incorrect. *See Burgin v. State*, 431 N.E.2d 864, 866 (Ind. Ct. App. 1982) (the existence of a valid prescription is an exception to, not an element of, the possession statute) (addressing Ind. Code § 35-48-4-7, which defines possession of a controlled substance).

[7] That statement suggests the trial court might have believed possession was not a lesser-included offense because of the "prescription" language. If that was the basis for the trial court's ruling, it was error. Possession is a lesser-included offense of possession with intent to deliver. *Richardson v. State*, 856 N.E.2d 1222, 1230 (Ind. Ct. App. 2006), *trans. denied*.

6

concerning Porter's intent to kill. Porter admitted shooting the victim but testified he did not intend to shoot him -- he did so by accident while firing warning shots. We noted the jury was not required to believe Porter's version of the events, but "it was a matter for the jury to conclude whether the lesser offense was committed but the greater one was not. The trial court properly instructed the jury on the lesser included offense of battery with a deadly weapon." *Id.*

Similarly, in the case before us, the jury was not required to believe Garrett's version of the events. But as in *Porter*, it was for the jury to decide whether the lesser offense was committed and the greater one was not.[8] Garrett testified Haines, the driver of the car in which she was riding when police stopped them, was the drug dealer and she was not. She testified Haines had been physically abusive and threatened to hurt her and her children if she did not tell police the drugs and weapons were hers. A State's witness conceded the amount of methamphetamine in Garrett's possession could be consistent with using as opposed to dealing and conceded a glass pipe found on Garrett was commonly associated with use, not dealing.

---

[8] The State asserts the evidence "overwhelmingly indicates [Garrett] intended to deal methamphetamine." (Br. of Appellee at 13.) The State offers no authority to support its apparent premise that a greater weight of evidence supporting one conclusion precludes a determination that there could be an evidentiary *dispute*, and we decline to so hold. Instead, we apply the standard articulated by our Indiana Supreme Court and determine whether, in light of the evidence presented by both parties, a jury could conclude that the lesser offense was committed but not the greater. *Wright*, 658 N.E.2d at 567. Here, the jury could have so concluded. *See Turner v. State*, 751 N.E.2d 726, 734 (Ind. Ct. App. 2001) ("if the jury believed Turner's testimony rather than other evidence in the record, it could have concluded that he killed without the intent required for a murder conviction. We stress that while the evidence contrary to Turner's testimony may appear quite strong to us, we are not permitted to weigh testimony on appeal." (footnote omitted)).

As the jury was not properly instructed, we must reverse Garrett's conviction and remand for a new trial.

Reversed and remanded.

CRONE, J., and BROWN, J., concur.