# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Cynthia M. Carter
Law Office of Cynthia M. Carter, LLC
Indianapolis, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Scottie Edwards,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 11, 2015

Court of Appeals Cause No. 49A04-1502-CR-47

Appeal from the Marion Superior Cause No. 49G06-0102-PC-36584, 49G02-0102-CF-36584, 49G03-0102-CF-3658

The Honorable Mark D. Stoner, Judge

**Barnes, Judge.**

# Case Summary

Scottie Edwards appeals the denial of his petition for modification of his sentence. We affirm.

# Issue

Edwards raises one issue, which we restate as whether the trial court properly denied his petition for modification of his sentence.

# Facts

In 2001, Edwards stabbed Lynn Ford, who was dating Edwards's ex-wife. The State charged Edwards with Class A felony attempted murder, and he was convicted by a jury. On direct appeal, Edwards's conviction was reversed because the jury was erroneously instructed. *See Edwards v. State*, 773 N.E.2d 360, 362 (Ind. Ct. App. 2002), *trans. denied*. Edwards was retried, convicted, and sentenced to forty years. On direct appeal, we concluded that the trial court improperly enhanced Edwards's sentence based on *Blakely v. Washington,* 542 U.S. 296 (2004). *See Edwards v. State*, 822 N.E.2d 1106, 1110 (Ind. Ct. App. 2005). Following a hearing, Edwards was resentenced to forty years. Edwards appealed his sentence, and we determined that his sentence was not inappropriate. *See Edwards v. State*, No. 49A04-0702-CR-75 (Ind. Ct. App. Oct. 22, 2007), *trans. denied*.

On December 19, 2014, Edwards filed a petition for modification of his sentence. The prosecutor did not respond to the petition. On January 6, 2015,

the trial court denied Edwards's petition. The trial court's order provided in part:

> 1. The court believes the original sentence imposed was appropriate given the seriousness of the offense and the defendant's criminal history.
> 2. The nature of the motion is better handled by a clemency petition to the Governor.

App. p. 61. Edwards now appeals.

## Analysis

Edwards argues that the trial court erred in denying his petition for modification of his sentence. Generally, we review a trial court's decision to modify a sentence for abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). "An abuse of discretion occurs when the decision clearly contravenes the logic and effect of the facts and circumstances before the court." *Adams v. State*, 960 N.E.2d 793, 796-97 (Ind. 2012).

As an initial matter, the parties dispute which version of the sentencing modification statute applies. Prior to July 1, 2014, if more than 365 days had elapsed since defendant began serving his or her sentence, a trial court could, after a hearing, reduce or suspend the sentence, subject to the approval of the prosecuting attorney. Ind. Code § 35-38-1-17 (2012). On July 1, 2014, an amended modification statute became effective. It provided in part:

> If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that the court was

authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

I.C. § 35-38-1-17(c) (2014). Issues arose regarding whether the amended statute applied to defendants who committed crimes before July 1, 2014. *See, e.g.*, *Johnson v. State*, No. 48A05-1408-CR-390 (Ind. Ct. App. June 25, 2015). Effective May, 5, 2015, the statute was amended again to clarify that the statute applies "to a person who: (1) commits an offense; or (2) is sentenced; before July 1, 2014." I.C. § 35-38-1-17(a). The statute was also amended to define a person convicted of attempted murder as a "violent criminal." I.C. § 35-38-1-17(d)(2) (2015). The newly amended statute provided:

> A convicted person who is a violent criminal may, not later than three hundred sixty-five (365) days from the date of sentencing, file one (1) petition for sentence modification under this section without the consent of the prosecuting attorney. After the elapse of the three hundred sixty-five (365) day period, a violent criminal may not file a petition for sentence modification without the consent of the prosecuting attorney.

I.C. § 35-38-1-17(k) (2015).

[8] The State contends that 2015 version of the statute applies to Edwards and that, because Edwards is a violent criminal, he could not file a petition for sentence modification without the consent of the prosecuting attorney. On the other hand, Edwards's petition references the 2014 version of the statute and the trial court considered Edwards's petition on the merits before the 2015 amendment became effective. On appeal, Edwards asserts that the 2014 version applies and that his appeal should be decided on the merits.

[9] Assuming Edwards is correct, he has not established that the trial court abused its discretion in denying his petition. Edwards contends that the trial court improperly used the Indiana Appellate Rule 7(B) standard in denying his petition. Under that standard an appellate court may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B).

[10] Although the trial court found Edwards's sentence "was appropriate given the seriousness of the offense and the defendant's criminal history[,]" we do not believe the trial court was applying the Appellate Rule 7(B) test of inappropriateness. App. p. 61. First, as our supreme court has explained of appellate review of a sentence, "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Thus, the terms "appropriate" and "not inappropriate" are not interchangeable. Further, the trial court's consideration of the seriousness of the offense and Edwards's criminal history are not the equivalent of our review of "the nature of the offense and the character of the offender" under Appellate Rule 7(B). We are convinced the trial court applied the correct standard when it considered Edwards's petition.

[11] On the merits, Edwards faced a maximum sentence of fifty years for Ford's attempted murder and was sentenced to forty years. There was evidence that then fifty-four-year old Edwards had been watching Ford, who was dating

Edwards's ex-wife. *Edwards*, 773 N.E.2d at 362. As Ford returned home after a date with Edwards's ex-wife, Edwards approached Ford and stabbed him several times. *Id.* Ford was treated for stab wounds to the back, arm, side, and back of the head, and for a punctured lung. *Id.* Further, although Edwards's criminal history is not extensive, it does include a conviction for criminal recklessness. Under these circumstances, Edwards has not shown that the trial court abused its discretion in denying his petition for sentence modification.

Edwards also claims that the trial court abused its discretion by abdicating its role of modifying sentences and suggesting that a clemency petition was a better avenue for Edwards. However, it is clear that the trial court considered the merits of Edwards's petition and was not persuaded that modification of his sentence was proper. This suggestion was not an abuse of discretion.

## Conclusion

Edwards has not shown that the trial court abused its discretion by denying his petition for sentence modification. We affirm.

Affirmed.

Kirsch, J., and Najam, J., concur.