## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 09 2017, 8:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brandon E. Murphy
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony T. Orr,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 9, 2017

Court of Appeals Case No.
05A04-1608-CR-1791

Appeal from the Blackford Circuit
Court

The Honorable Dean A. Young,
Judge

Trial Court Cause No.
05C01-1507-FB-191

**May, Judge.**

[1] Anthony T. Orr appeals his conviction of Class B felony child molesting.[1] Orr argues fundamental error occurred when the jury received inadequate instruction regarding the unanimity required to convict him of child molesting. We reverse and remand.

# Facts and Procedural History

[2] Orr's half-brother was married to S.H.'s mother. From August 2010 to May 2011, Orr would babysit for S.H. and her siblings occasionally while her mother and stepfather worked. S.H.'s mother said Orr babysat "maybe 10 times." (Tr. at 61.) While alone with the children, Orr forced kindergarten-age S.H. to submit to anal sex several times.[2] In January 2015, during counseling sessions, S.H. disclosed Orr had molested her.

[3] On July 16, 2015, the State charged Orr with ten counts of Class B felony child molesting. All ten counts alleged "that between August 16, 2010 and May 28, 2011 in Blackford County, State of Indiana, Anthony T [sic] Orr did perform or submit to sexual intercourse or deviate sexual conduct with S.H., a child under the age of fourteen years . . . ." (App. Vol. II at 29-30.) No other specifics were included in any of the charges.

---

[1] Ind. Code § 35-42-4-3(a) (2007).

[2] The trial court clerk's failure to include Exhibit 1A - the redacted version of S.H.'s interview at the Child Advocacy Center, which was played for the jury - has greatly hindered our review of the record. We encourage counsel to ensure the record is complete.

[4]     S.H. remembered the first time Orr molested her was in her bedroom and she was "very freaked out and very scared." (Tr. at 112.) She also recalled the last time it happened because her stepfather and Orr had a fight shortly thereafter. At times, her brother would sleep on the couch and Orr would tell her "to go to [her] brother's room." (*Id.* at 114.) Once, when S.H.'s sister was sleeping in her room, Orr put the sister "in the hallway" before he removed his own and S.H.'s clothing. (*Id.* at 119.) S.H. testified Orr penetrated her anally each time.

[5]     Orr moved for a directed verdict after the State presented its case. Orr argued the State had not presented evidence of ten incidences of child molesting. The trial court took the motion under advisement but refused to grant the directed verdict as to any counts for fear it would cause the jury "to believe that the Court has somehow determined that Mr. Orr is not guilty or guilty of any of them." (*Id*. at 148-49.) The trial court also stated it would "be giving the jury an instruction indicating that all counts, the 10 counts in this case, must be weighed on their own merits and decided individually based upon the burden of proof." (*Id*. at 148.)

[6]     When giving final jury instructions, the trial court gave instructions as to the elements to be found for each charge, which were the same for all ten counts. Additionally, the trial court gave Final Instruction 14, which stated: "Although all the counts are contained within one charging document, you are to consider the law and the evidence as it may apply to each count individually and separately from the other counts." (App. Vol. II at 144.) Final Instruction 23 told the jury it must agree to the verdict and told the foreperson to "not sign any

verdict form for which there is not unanimous agreement." (*Id.* at 153.) Orr did not object or offer alternative instructions.

During jury deliberations, the jury indicated it was at an impasse and requested the trial court's assistance. Specifically, it wanted to know if it could have access to a deposition of S.H. that was used to impeach S.H. at trial but was not published to the jury. Orr objected, and the trial court denied the request. Ten minutes after that denial, the jury indicated it was ready to return a verdict. The jury found Orr guilty of the first count, but acquitted him of the other nine counts. When polled, each juror agreed this was his or her verdict. The verdict forms do not indicate any specific evidence the jury relied on to support that count.

# Discussion and Decision

Orr asserts the trial court committed fundamental error by failing to give adequate instruction regarding jury unanimity. Orr acknowledges he did not object to the instruction at trial nor did he provide his own unanimity instruction. Thus, unless he demonstrates error is fundamental, he has waived this issue for review. *Evans v. State*, 30 N.E.3d 769, 775 (Ind. Ct. App. 2015), *trans. denied*. Appellate courts may, on rare occasions, resort to the fundamental error exception to address on direct appeal an otherwise procedurally defaulted claim. *Jewell v. State,* 887 N.E.2d 939, 942 (Ind. 2008). But fundamental error is extremely narrow and available only when the record reveals a clearly blatant violation of basic and elementary principles, where the harm or potential for

harm cannot be denied, and when the violation is so prejudicial to the rights of the defendant as to make a fair trial impossible. *Id.*

[9] Indiana has "long required that a verdict of guilty in a criminal case 'must be unanimous.'" *Baker v. State*, 948 N.E.2d 1169, 1174 (Ind. 2011) (internal citation omitted), *reh'g denied*. Our Supreme Court in *Baker* recognized three situations in which the "issue of jury unanimity commonly arises in child sex offense cases." *Id.* The first situation is one in which the abuse is so frequent the child can no longer distinguish the circumstances surrounding separate incidences of abuse. *Id.* Second is when the jury instruction or the charging information is written in the disjunctive and would allow the jury to convict for two different offenses. *Id.* at 1175. The last situation is one in which more evidence is presented than was charged, *i.e.*, one charge was filed but evidence of three distinct crimes was presented in court. *Id.*

[10] The facts before us are analogous to the first situation recognized in *Baker*, in which a child loses perspective of the timeframe of any particular offense due to the ongoing nature of the abuse. In these situations, it may be difficult to discern whether the jury unanimously agreed the defendant committed any specific act. *Id*. at 1174. Although other jurisdictions have adopted legislation to manage such situations,[3] our Indiana Supreme Court noted Indiana has not done so and it "encourage[d] the General Assembly to consider this issue." *Id.*

---

[3] New Hampshire recognizes a "continuous course of conduct crime." *Baker v. State,* 948 N.E.2d 1169, 1174 (Ind. 2011)*, reh'g denied.* Alabama recognizes "generic evidence" to "describe a pattern of abuse." *Id.*

at 1175. Thus far, our legislature has not done so, and we must decide this case by analogizing the facts herein to prior cases.

[11] The State relies on *Baker*. In *Baker*, the defendant was charged with one crime, but the State presented evidence of multiple crimes. Our Indiana Supreme Court adopted the California Supreme Court's reasoning that either (1) the State had to designate the evidence it relied on to bring the charge; or (2) the jury had to be presented with a detailed unanimity instruction. *Id.* at 1177. The State had not designated the specific facts supporting the charge against Baker, so the Court turned to the jury instruction. *Id.* at 1178. The instruction advised Baker's jurors they "must all agree [and e]ach verdict must be unanimous." *Id.* Our Indiana Supreme Court held that instruction was insufficient to advise the jury it must "either unanimously agree that [Baker] committed the same act or acts or that he committed all the acts described by the victim[.]" *Id.*

[12] Ultimately, our Indiana Supreme Court held that erroneous instruction did not create fundamental error because the "only issue was the credibility of the alleged victims." *Id.* at 1179. Baker said the children were lying about the allegations in order to exact revenge against him because one of the victims had been grounded due to Baker informing her parents she had been in a car with a boy. *Id.* at 1173. Because the jury convicted Baker of all the crimes, our Indiana Supreme Court inferred the jury found the victims credible such that the erroneous instruction did not prejudice Baker. *Id.* at 1179.

[13] Orr relies on *Lainhart v. State*, 916 N.E.2d 924 (Ind. Ct. App. 2009), claiming fundamental error occurred because, as in *Lainhart*, the jury "may have disagreed as to which crime occurred . . . ." *Id.* at 942. In *Lainhart*, the State charged Lainhart with one count of intimidation and alleged three possible victims. *Id.* at 930. The State presented evidence of incidents involving three victims but it was unclear whether the jury believed the same act occurred to support the verdict of guilty. *Id.* at 942. Although there was only one criminal charge brought, because it was written in the disjunctive, we held "the State actually charged [Lainhart] with several alternative crimes." *Id.* As such, the "trial court erred by not issuing a unanimity instruction." *Id.*

[14] Here, the State charged Orr with ten counts of child molesting. The State did not designate the evidence it relied on in support of any particular count. Thus, the trial court was required to give the jury an instruction as to unanimity. *See id.* The trial court instructed the jury to "consider the law and the evidence as it may apply to each count individually and separately from the other counts," (App. Vol. II at 144), along with instructions that each jury member "must agree to it" and that the foreperson should "not sign any verdict form for which there is not unanimous agreement." (*Id.* at 153.) However, as the court held in *Baker*, these generic instructions are not sufficient to put the jurors on notice they "must either unanimously agree that [the defendant] committed the same act or acts or that he committed all of the acts described by the victim and included within the time period charged." *Baker*, 948 N.E.2d at 1178.

[15] The circumstances herein are most analogous to *Lainhart* where the State charged several crimes and presented evidence of multiple criminal acts but the trial court did not instruct the jury adequately about the unanimity required to convict Orr. Nor did the jury's verdict form reveal whether the jurors all relied on the same evidence. Accordingly, we cannot know whether Orr's jury rendered a unanimous verdict. Nor can we hold, like in *Baker*, that the error was harmless when Orr's jury found him guilty of one of ten charges, not "all the acts." *Baker*, 948 N.E.2d at 1178. Thus, we reverse.[4] *See Lainhart*, 916 N.E.2d at 942 (reversal warranted when jury unanimity is not clarified with a proper instruction).[5]

[16] As we reverse Orr's conviction due to an instructional error, we turn to whether he can be retried. When the reversal of a conviction is due to an error in instruction but sufficient evidence exists to support the conviction, "double jeopardy does not bar retrial[.]" *Edwards v. State*, 773 N.E.2d 360, 364 (Ind. Ct. App. 2002), *trans. denied*. Accordingly, we now address whether the record contained sufficient evidence to support Orr's conviction.

[17] When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State,* 654 N.E.2d 736, 737 (Ind. 2007), *reh'g denied.* The

---

[4] As we reverse on this first issue, we need not address Orr's assertion the jury's verdicts were irreconcilable.

[5] We encourage the State to organize and present the evidence in a manner that the jury can return a unanimous verdict and avoid the necessity of a retrial.

decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.* We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

[18] To prove child molesting, the State had to prove Orr, "with a child under fourteen (14) years of age, perform[ed] or submit[ted] to sexual intercourse or deviate sexual conduct . . . ." Ind. Code § 35-42-4-3(a) (2007). The State presented evidence Orr had performed anal sex on S.H. in her room and in her brother's room. S.H. testified to the first time this happened, a time it happened in her brother's room, a time it happened when her sister was moved into the hallway, and the final time it happened when her stepfather argued with Orr afterward. Any one of these incidences supports the jury's decision that Orr was guilty of child molesting. As sufficient evidence was presented to support a conviction, double jeopardy does not bar the State from retrying Orr when we reverse for a procedural error. *See Edwards*, 773 N.E.2d at 364 (retrial not barred by principles of double jeopardy when the reversal of the original conviction was based on instructional error and the evidence was sufficient to convict).

# Conclusion

[19]     As it is unclear which act or acts the jurors may have relied on to find Orr guilty of one of the ten counts charged, we reverse and remand for a new trial consistent with this decision.

[20]     Reversed and remanded.

Najam, J., concurs.  Bailey, J., concurs in result.