## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 13 2020, 9:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Angela Christine Garrett
Rockville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Angela Christine Garrett,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

November 13, 2020

Court of Appeals Case No.
19A-PC-2444

Appeal from the Hendricks Superior Court

The Honorable Mark A. Smith, Judge

Trial Court Cause No.
32D04-1307-PC-6

**Barteau, Senior Judge.**

# Statement of the Case

Angela Christine Garrett appeals the denial of her petition for post-conviction relief. We affirm.

# Issue

Garrett raises one issue, which we restate as: whether the post-conviction court erred in rejecting her claim of ineffective assistance of appellate counsel.

# Facts and Procedural History

The underlying facts, as taken from Garrett's direct appeal, are as follows:

> Police stopped a car in which Garrett was a passenger. The driver, Jay Haines, told police he had smoked marijuana that day and gave police an ashtray with the remains of several marijuana cigarettes. As police removed Garrett from the car, she told police there was a gun between the passenger seat and the center console. Police patted down Garrett and found two bundles of cash totaling $4,500. In her purse they found a gun, two scales, small plastic baggies, and material with which to cut the methamphetamine in order to increase its volume. A small pouch next to her purse contained about twenty-six grams of methamphetamine in three baggies, a pipe, a scale, and more small baggies. Another gun was found in the trunk.
>
> Garrett and Haines were taken to the county jail where Garrett told a detective all the seized property belonged to her.

*Garrett v. State*, 964 N.E.2d 855, 856 (Ind. Ct. App. 2012), *transfer denied*.

Garrett later claimed that the contraband actually belonged to Haines and that he had coerced her to claim ownership of those items.

[4]     On January 26, 2009, the State charged Garrett with dealing in methamphetamine, a Class A felony, and possession of a handgun without a license, a Class A misdemeanor. On that same day, the trial court held an initial hearing and set an omnibus date of April 8, 2009. Subsequently, by agreement of the parties, the court extended the omnibus date to June 3.

[5]     At the June 3 hearing, Garrett requested a continuance of the trial. The court granted the continuance and extended the omnibus date to July 15. Garrett failed to appear for a July 15 pretrial hearing, and the court issued an arrest warrant.

[6]     The court held a hearing on October 10, 2009, after Garrett was arrested, and reset the omnibus date for January 6, 2010. Garrett subsequently requested five continuances, which the court granted.

[7]     In May 2010, Garrett's attorney moved to withdraw, claiming Garrett had missed appointments with him and had not paid him. The court granted the motion and issued another warrant for Garrett's arrest.

[8]     Garrett was arrested on June 12, 2010, and the trial court held a status hearing on June 14, 2010. During the hearing, the prosecutor stated he or she intended to file additional charges against Garrett. The court reset the omnibus date for August 4, 2010, without objection. Direct Appeal Appellant's App. Vol. 1, p. 52.

[9]     On June 18, 2010, the State moved to amend the charging information to add a new charge of Class B felony possession of a firearm by a serious violent felon, a firearm sentencing enhancement, and a habitual offender sentencing enhancement. On June 22, 2010, the court granted the State's motion.

[10]    Next, Garrett, represented by a new attorney, filed a motion to suppress, which the court denied. On March 9, 2011, Garrett filed a motion to dismiss the Class B felony firearm charge and the sentencing enhancements. On March 14, 2011, the court denied the motion to dismiss.

[11]    On March 18, 2011, the trial court began a two-day jury trial. The jury determined Garrett was guilty of dealing in methamphetamine, a Class A felony, and carrying a handgun without a license, a Class A misdemeanor. Garrett next admitted she was guilty of unlawful possession of a firearm by a serious violent felon and that she was an habitual offender. The State dismissed the firearm sentencing enhancement.

[12]    At the April 20, 2011 sentencing hearing, the court sentenced Garrett to twenty years for the Class A felony dealing conviction and vacated the Class A misdemeanor handgun charge. The court further sentenced Garrett to fifteen years on the Class B felony firearm charge, plus fifteen years for the habitual offender sentencing enhancement. Finally, the court directed Garrett to serve her sentences concurrently, for a total sentence of thirty years.

[13]    Garrett appealed, arguing the trial court erred by failing to instruct the jury on possession of methamphetamine as a lesser included offense of the charge of

dealing in methamphetamine. A panel of this Court agreed with Garrett, reversed the Class A felony dealing conviction, and remanded for a new trial. *Garrett*, 964 N.E.2d at 858. On remand, the State declined to retry Garrett on the Class A felony charge, and the trial court issued an amended abstract of judgment stating that Garrett was guilty of the Class B felony firearm charge and was an habitual offender. Garrett's thirty-year sentence remained unchanged.

[14] On July 26, 2013, Garrett filed a petition for post-conviction relief. An attorney entered an appearance for Garrett on August 9, 2013, but ultimately withdrew the appearance on December 9, 2015, without amending Garrett's petition or presenting any arguments to the post-conviction court.

[15] On September 17, 2019, the post-conviction court held an evidentiary hearing, at which Garrett appeared pro se. The court denied Garrett's petition at the end of the hearing. This appeal followed.

# Discussion and Decision

[16] Garrett argues the post-conviction court erred in rejecting her claim of ineffective assistance of appellate counsel. The petitioner in a post-conviction case bears the burden of establishing grounds for relief by a preponderance of the evidence. *Campbell v. State*, 19 N.E.3d 271, 273-74 (Ind. 2014). When appealing the denial of post-conviction relief, the petitioner seeks review of a negative judgment. *Id.* at 274. As a result, to prevail on appeal a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a

conclusion opposite that reached by the post-conviction court. *Hollowell v. State*, 19 N.E.3d 263, 269 (Ind. 2014). We may not reweigh the evidence or reassess the credibility of the witnesses. *Rowe v. State*, 915 N.E.2d 561, 563 (Ind. Ct. App. 2009), *trans. denied*.

[17] To prevail on a claim of ineffective assistance of counsel, a petitioner is required to establish: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the petitioner. *Young v. State*, 143 N.E.3d 965, 971 (Ind. Ct. App. 2020), *trans. denied*. To establish deficient performance, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the petitioner must show there is a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. *Id.*

[18] There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Wine v. State*, 147 N.E.3d 409, 417 (Ind. Ct. App. 2020), *trans. denied*. Further, because the strategic decision regarding which issues to raise on appeal is one of the most important decisions to be made by appellate counsel, counsel's failure to raise a specific issue on direct appeal rarely constitutes ineffective assistance. *Young*, 143 N.E.3d at 971. To evaluate whether appellate counsel performed deficiently by failing to raise an issue, we apply a two-part test: (1) whether the unraised issue is significant and obvious from the face of the record; and (2) whether the unraised issue is "clearly stronger" than the raised issues. *Id.*

[19]     Garrett claims her appellate counsel should have presented the following argument: the trial court erred in denying Garrett's motion to dismiss the State's Class B felony firearm charge and the sentencing enhancements because those charges were untimely.[1]

[20]     As a general rule, the law that is in effect at the time a crime is committed is controlling on a case. *Parsley v. State*, 273 Ind. 46, 49, 401 N.E.2d 1360, 1362 (1980). When Garrett committed her offenses in 2009, the statute that governed the amendment of a charging information provided, in relevant part:

> (b) The indictment or information may be amended in matters of substance and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time:
>
> (1) up to:
>
> (A) thirty (30) days if the defendant is charged with a felony; or
>
> (B) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;
>
> before the omnibus date; or

---

[1] Garrett also claims her post-conviction counsel should have raised this argument, but post-conviction counsel withdrew from the case before the evidentiary hearing and did not amend Garrett's pro se petition for post-conviction relief. We need not address this issue further.

> (2) before the commencement of trial;
>
> If the amendment does not prejudice the substantial rights of the defendant. When the information or indictment is amended, it shall be signed by the prosecuting attorney or a deputy prosecuting attorney.
>
> * * * * *
>
> (e) An amendment of an indictment or information to include a habitual offender charge under IC 35-50-2-8, IC 35-50-2-8.5, or IC 35-50-2-10 must be made not later than ten (10) days after the omnibus date. However, upon a showing of good cause, the court may permit the filing of a habitual offender charge at any time before the commencement of the trial.

Ind. Code § 35-34-1-5 (2007).

[21] In Garrett's case, the trial court issued an arrest warrant after her attorney moved to withdraw, claiming that she had missed several appointments and had failed to pay him. During a June 14, 2010 hearing after Garrett's arrest, the prosecutor stated he or she intended to file additional charges. The trial court set a new omnibus date of August 4, 2010, without objection.

[22] On June 18, 2010, the State moved to amend the charging information to add a new charge of Class B felony possession of a firearm by a serious violent felon, a firearm sentencing enhancement, and a habitual offender sentencing enhancement. The new charges were filed well before the deadlines set forth in Indiana Code section 35-34-1-5, subsections (b) and (e). As a result, the new charge and sentencing enhancements were timely, and Garrett's appellate

counsel would not have prevailed on a challenge to the timeliness of the amendments to the charging information. Counsel does not render ineffective assistance by rejecting a "futile endeavor." *Allen v. State*, 686 N.E.2d 760, 780 (Ind. 1997). A challenge to the timeliness of the State's amendments to the charging information would have been neither more significant nor stronger than the issue that appellate counsel raised, and upon which Garrett prevailed. The post-conviction court did not err in denying Garrett's claim of ineffective assistance of appellate counsel.

# Conclusion

[23] For the reasons stated above, we affirm the judgment of the post-conviction court.

[24] Affirmed.

Robb, J., and Altice, J., concur.