v.

Elsie K. GEORGE, sole heir of the Estate of Herman Goepp, Appellee (Respondent Below).

No. 3–978A245.

Court of Appeals of Indiana, Third District.

Aug. 29, 1979.

Ronald McCLAIN, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 1–1278A358.

Court of Appeals of Indiana, First District.

Sept. 4, 1979.

Rehearing Denied Oct. 17, 1979.

Glenn A. Grampp, James D. Lopp, Sr., James D. Lopp, Jr., Evansville, for appellant-defendant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

LYBROOK, Judge.

Appellant-defendant Ronald McClain was charged with Murder in the shooting death of Paul Ward. He was found guilty of Reckless Homicide, and sentenced to be imprisoned for six years.

McClain presents the following issues for our review:

(1) Whether there was sufficient evidence introduced at trial to support the verdict of the jury which found McClain guilty of Reckless Homicide. Ind.Code 35–42–1–5.[1]

(2) Whether the penalty provision of the Reckless Homicide statute, Ind.Code 35–42–1–5, imposed on McClain is unconstitutional.

---

1. "A person who recklessly kills another human being commits reckless homicide, a Class C felony. However, if the killing results from the operation of a vehicle, the offense is a Class D felony."

(3) Whether the trial court erred in refusing to give McClain's Instruction No. 6 to the jury.

Those allegations of error included in McClain's motion to correct errors that are not argued in his appellate brief are waived pursuant to Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

We affirm.

### I.

■ As we review the sufficiency of the evidence, we cannot weigh the evidence, nor judge the credibility of the witnesses, but we consider the evidence most favorable to the State and the reasonable inferences drawn therefrom which support the verdict of the jury or trial court. This court must affirm a conviction if there was evidence of probative value from which the jury could determine that the appellant was guilty beyond a reasonable doubt. *Boyking v. State*, (1979) Ind., 385 N.E.2d 1127.

■ The evidence most favorable to the State shows that after McClain got off work around 10:30 p. m., he was picked up by Paul Ward, who was carrying a handgun in his hip pocket, and Watez Phelps. Ward and Phelps had been drinking while waiting for McClain. The men drove to the apartment of McClain's girlfriend and her two roommates.

Upon the trio's arrival at the apartment, drinks were served and conversation followed. Testimony showed that while the group was seated, McClain and Ward were kidding each other. At one point McClain got up and jokingly searched Ward for a gun. Witnesses testified that McClain said he could choke Ward to death before Ward could shoot McClain with his gun.

Shortly thereafter, the joking became physical "playing," but suddenly the men became violent. As the men grappled on the floor, McClain pulled the gun from Ward's hip pocket and shot him twice, causing Ward's death.

McClain claims that there was insufficient evidence to show that he acted "recklessly" pursuant to Ind.Code 35–42–1–5.

Ind.Code 35–41–2–2(c) defines "recklessly" as follows:

"A person engages in conduct 'recklessly' if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct."

The element of recklessness was discussed in *Beeman v. State*, (1954) 232 Ind. 683, 115 N.E.2d 919, 922, which stated:

" . . . [A] reckless disregard for the safety of others involves a conscious choice of a course of action which injures another, either with knowledge of the serious danger to others involved therein, or with knowledge of facts which would disclose the danger to any reasonable man.

\*     \*     \*     \*     \*     \*

In other words, to be guilty of a reckless disregard for the safety of others, . . . [It] is sufficient that the actor realizes, or should realize, that there is a strong probability that such harm may result."

Pursuant to these definitions, there is sufficient evidence to show that McClain acted recklessly and, thus, to support the jury's guilty verdict.

### II.

■ McClain argues that the Reckless Homicide statute is unconstitutional because different penalties are imposed contingent upon the instrumentality used in committing homicide. In considering the constitutionality of a statute, this court presumes the validity of a legislative act. *State v. Clark*, (1966) 247 Ind. 490, 217 N.E.2d 588.

■ It is the law in this State that:
"The determination of appropriate penalties for crimes committed in this State is a function properly exercised by the legislature. (Citations omitted). The Judiciary will disturb such a determination only upon a showing of clear constitutional infirmity. . . . " *Vacendak v. State*, (1976) 264 Ind. 101, 340 N.E.2d 352.

It has also been consistently held that:

" . . . [T]he legislature may provide for various types of treatment for various classes of persons so long as there is a reasonable classification and that all persons coming within a particular classification are treated similarly. (Citation omitted)." *Critchlow v. State*, (1976) 264 Ind. 458, 346 N.E.2d 591.

 The Legislature alone can establish and define criminal offenses, and therefore, it is for that body to address matters of criminal punishment. *Culley v. State*, (1979) Ind.App., 385 N.E.2d 486; *Baum v. State*, (1978) Ind., 379 N.E.2d 437. The Legislature acted reasonably, and had a legitimate basis, in distinguishing the penalties for Reckless Homicide. Clearly, a motor vehicle's role in our society makes it different from deadly weapons or deadly instrumentalities used in homicides.

### III.

McClain claims that the trial court erred by failing to give defendant's Instruction No. 6 which reads as follows:

"Also included in the offense charged in the Indictment herein is the offense of recklessness, which is defined by a statute of our State as follows:

'35–42–2–2. *Recklessness*

Sec. 2(a) A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness, a Class B misdemeanor. However, the offense is a Class A misdemeanor if the conduct includes the use of a vehicle or deadly weapon.

(b) A person who recklessly, knowingly, or intentionally inflicts serious bodily injury on another person commits criminal recklessness, a Class D felony.' "

In *Sharp v. State*, (1977) Ind., 369 N.E.2d 408, 410, our Supreme Court said:

"The test for determining whether it was error for the trial court to refuse instructions on lesser offenses is not only whether the lesser offense is necessarily included within the greater offense, as charged, but also, whether there was evidence adduced at trial to which the included offense instruction was *applicable*." (Emphasis added.)

While the jury found that McClain acted "recklessly," jury instructions for the crime of Recklessness do not apply because Recklessness merely deals with bodily injury. Since in the case at bar, a death occurred, the instructions should address homicides.

Instructions on lesser included offenses *may* be given, but the *Sharp* test shows that such instructions need only be given when they are applicable. Therefore, the trial court did not commit error by refusing McClain's Instruction No. 6.

For the reasons stated above, the decision of the trial court must be affirmed.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.