**Samuel HILLARD,**
**Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 45A03–8703–CR–84.**

Court of Appeals of Indiana,
Third District.

July 7, 1987.

Daniel L. Bella, Appellate Div., Crown Point, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Samuel Hillard was charged with burglary. Over the defense's objection the court charged the jury that they might convict Hillard of theft. This they did and Hillard appeals.

 The underlying theft felony is, of course, a different offense from the burglary which preceded it.[1] Thus, it is not a necessarily included offense in a burglary charge. *See Quire, supra,* holding the felonies of rape and robbery which were

---

1. Burglary merely requires that the breaking and entry occur with intent to commit some

felony. *See, e.g., Quire v. State* (1983), Ind., 449 N.E.2d 1083.

charged as the intended felonies were not included offenses to the burglary charged; and *Smith v. State* (1985), Ind., 477 N.E.2d 857 holding attempted theft not a necessarily included offense.

■ Thus, the offense could be considered a charged lesser included offense only if the information actually charged all the elements of the offense.[2] *Johnson v. State* (1984), Ind., 464 N.E.2d 1309; *Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098. The reason for this is that due process requires that an accused be advised of the offense(s) he is charged with having committed. *Blackburn v. State* (1973), 260 Ind. 5, 291 N.E.2d 686.

The information against Hillard read as follows:

"Affiant, being duly sworn, upon his oath says that he is informed and verily believes that on or about the 15th day of September, A.D. 1985, at and in the County of LAKE, and State of Indiana, SAMUEL HILLARD did then and there unlawfully and feloniously break and enter the building or structure of another person, to-wit: RICHARD BLACKBURN, with intent to then and there commit the felony of theft in it, to-wit: to unlawfully, feloniously, knowingly or intentionally exert unauthorized control over the property of the said RICHARD BLACKBURN by obtaining, taking, carrying or possessing the said property with intent than and there to deprive the said RICHARD BLACKBURN of the value or use of the said property, and the said control over the said property by SAMUEL HILLARD was then and there unlawfully and feloniously without the consent of the said RICHARD BLACKBURN, then and there being contrary to the form of the statute in such case made and provided, and against the

peace and dignity of the State of Indiana."
(Record, p. 11).

■ The information charges that Hillard broke and entered the building or structure of Richard Blackburn. It charges he did so with a specific intent: to commit theft. It explains the theft which was intended. It does not allege that the theft was, in fact, committed. The information was therefore insufficient to allege that Hillard actually committed theft.[3] This is underscored by the fact that the information contained no allegation specifying *what* property had been stolen. Such information would have been necessary to state a valid charge of theft. *Randall v. State* (1982), 132 Ind. 539, 32 N.E. 305; *see also Flores v. State* (1985), Ind., 485 N.E.2d 890 (applying the rule to robbery charges).

It follows that the jury was improperly instructed it might convict Hillard of theft and the conviction cannot stand.

Reversed.

STATON and YOUNG, JJ., concur.

---

**2.** We realize that if so charged in one count, the information would be duplicitous. That defect can, however, be waived if it is not raised.

**3.** Admittedly, the phrase "and the said control over the said property by Samuel Hillard was then and there unlawfully and feloniously with-

out the consent of the said Richard Blackburn" does not make sense in terms of the rest of the information. That, however, is not the fault or the risk of the accused. The phrase must be treated as surplusage. Clearly it does not supply the missing necessary allegations.