William WARD, Appellant,

v.

STATE of Indiana, Appellee.

No. 1284S507.

Supreme Court of Indiana.

Feb. 24, 1988.

Nathaniel Ruff, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder and he was found to be an habitual offender. He received an enhanced sentence of seventy (70) years.

The facts are: On February 1, 1984, appellant was arrested for the unauthorized control of a vehicle. While being questioned at the Newton County Jail, he told police that he committed a murder in Whiting, Indiana. After advising appellant of his rights, police tape-recorded his confession of murdering a prostitute in his apartment. Appellant stated that when he and the prostitute reached his apartment she pulled out a razor and said she planned to rob him. He struck her then choked her for approximately ten to fifteen minutes until she stopped breathing. He placed her body in a duffel bag and put her in his attic.

In his confession, appellant said he had smoked a few joints, snorted some THC and consumed a twelve-pack of beer before he picked up the victim.

Police found a body in appellant's attic which matched the description of the victim given by appellant. An autopsy revealed that the victim's death was caused by manual strangulation.

Appellant argues that the trial court erroneously neglected to instruct the jury on the defense of voluntary intoxication. Appellant did not request such an instruction nor did he raise the lack of instruction in his motion to correct error. He now asserts that fundamental error occurred by the trial court's failure to *sua sponte* instruct the jury on voluntary intoxication.

A party cannot complain of incomplete or omitted instructions when he has failed to tender any instructions on that issue. *Law v. State* (1980), 273 Ind. 624, 406 N.E.2d 1185. Also, error not properly preserved during trial and by the motion to correct error is not available on appeal. *Bond v. State* (1986), Ind., 489 N.E.2d 504.

Appellant asserts that this issue should not be deemed as waived despite his failure to comply with the procedural requirements because it is fundamental error.

Fundamental error is error that not corrected would deny a defendant fundamental due process. *Burkes v. State* (1983), Ind., 445 N.E.2d 983. This Court will review an issue not properly raised and preserved only when a blatant violation of basic and elementary principles has occurred, and the harm or potential for harm cannot be denied. *Id.*

Assuming *arguendo* that appellant had tendered an instruction on the voluntary intoxication defense, its refusal would be error only if the evidence would have created a reasonable doubt in the mind of a rational trier of fact that the accused had the requisite intent. *Gibson v. State* (1987), Ind., 516 N.E.2d 31.

Appellant asserts that because he told police and a doctor that he was high on drugs at the time of the incident, there is substantial evidence of his intoxication.

We stated in *Terry v. State* (1984), Ind., 465 N.E.2d 1085 that a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill.

Appellant's statement to police shows that he had the dexterity and coordination to hold down and strangle a writhing woman for ten to fifteen minutes, place a duffel bag over the top half of her body and a garbage bag over the lower half of her body, lift her over his shoulder and carry her to the attic. He also stated to police that after the victim stopped breathing he slapped her a few times to try to get her to "come back to," and he knew he was wrong. This evidence shows that appellant was not so intoxicated that he was incapable of forming the *mens rea* to commit the murder. We find no fundamental error.

Appellant also argues that the trial court erred in refusing to give his tendered instructions on voluntary manslaughter. His tendered instructions stated that the existence of sudden heat reduces murder to manslaughter. He did not attempt to prove or suggest the existence of sudden heat at trial.

■ Appellants' tendered instructions were not signed by himself or his attorney, nor were the instructions numbered as Ind. Code § 35–37–2–2(6) mandated at the time of the trial. Therefore, appellant has waived any claim of error concerning the refusal of his tendered instructions. *Vincent v. State* (1986), Ind., 489 N.E.2d 49; *Harding v. State* (1984), Ind., 457 N.E.2d 1098, *cert. denied*, 475 U.S. 1024, 106 S.Ct. 1218, 89 L.Ed.2d 329.

■ We would further observe that the facts in this case do not support a "sudden heat" instruction. Appellant's version of the facts presents a question of self-defense not sudden heat as was discussed in *Harrington v. State* (1987), Ind., 516 N.E. 2d 65.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER and DICKSON, JJ., concur in result without separate opinion.