**Mark LEON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 45S00–8608–CR–786.

Supreme Court of Indiana.

July 12, 1988.

Diane McNeal, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl Lynn Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Mark Leon was tried before a jury and convicted of attempted murder, a

class A felony. Ind.Code §§ 35–42–1–1, 35–41–5–1 (Burns 1985 Repl.). The trial court sentenced Leon to thirty years imprisonment.

On direct appeal, Leon raises two issues:

I. Whether the trial court erred in refusing appellant's tendered instruction on the lesser included offense of battery, a class C felony, and

II. Whether the evidence is sufficient to sustain a jury's conviction for attempted murder.

The evidence shows that Leon and Janet King had dated for approximately two years and had a child together. After King broke off the relationship, Leon threatened to kill her on several occasions, saying that if he could not have her, nobody else would. On the night of October 3, 1985, King exited a liquor store in Gary, Indiana, entered her car and locked the door. Leon walked up to the driver's window and shot King three times, hitting her once in the mouth and twice in the body. At a hospital emergency room, King told her mother and police that Leon shot her.

Leon argues that he was not the person who shot King, that he had never threatened her, and that he was not even in the neighborhood when the incident occurred. Leon's next door neighbor testified that Leon was at her house during the shooting.

### I. *Instruction on Lesser Included Offense*

Leon argues that the trial court erred in refusing his tendered instruction for the lesser included offense of battery, a class C felony.

■ This Court described the method for determining whether to instruct upon a lesser included offense in *Jones v. State* (1988), Ind., 519 N.E.2d 1233. First, the trial court must determine whether the lesser offense is included within the crime charged by examining the statutory elements of both offenses and the allegations in the charging instrument. Second, the trial court must examine the evidence to support any distinguishing elements between the two offenses. If evidence on the distinguishing element is sufficient and is not in serious dispute, the trial court should refuse the lesser included instruction to avoid the possibility of a compromise verdict.

■ Battery by means of a deadly weapon requires a touching. Because it is possible to attempt murder without touching the intended victim, battery is not inherently a lesser included offense of attempted murder. *Malott v. State* (1985), Ind., 485 N.E.2d 879. The charging information in this case, however, alleged infliction of a wound and thus battery was clearly a lesser included offense.

■ The distinguishing element between these two offenses is intent to kill. The evidence supporting that element is not in dispute. Had Leon argued that the shooting was an accident or that he fired mere warning shots, the evidence might justify an instruction on battery. Leon's defense, however, was not that he lacked the requisite intent, but that he did not commit the act at all. The evidence thus did not warrant the instruction on battery as a lesser included offense which appellant requested.

### II. *Sufficiency of the Evidence*

■ Leon argues that the evidence is insufficient to sustain his conviction for attempted murder. King testified that Leon pointed a gun at her and shot her. An eyewitness, although he could not identify Leon, corroborated King's description of the shooting. Intent to kill can be inferred from the use of a deadly weapon in a manner reasonably calculated to cause death or great bodily harm. *Arthur v. State* (1986), Ind., 499 N.E.2d 746. Discharging a weapon in the direction of a victim is substantial evidence from which the jury could infer intent to kill. *Rhinehardt v. State* (1985), Ind., 477 N.E.2d 89. The evidence is sufficient to support the jury's conviction for attempted murder.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.