Jessie Lee WRIGHT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–9402–CR–0073.

Court of Appeals of Indiana, Third District.

Dec. 6, 1994.

Rehearing Denied Feb. 7, 1995.

Nathaniel Ruff, Appellate Public Defender, Crown Point, for appellant.

Pamela Carter, Atty. Gen., Dana A. Childress–Jones, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

STATON, Judge.

A jury found Jessie Wright ("Wright") guilty of reckless homicide, a Class C felony[1], for which he was sentenced to eight years in prison. In his appeal, Wright presents one restated issue for our review: whether the trial court committed reversible error in its response to a jury's question after deliberations had commenced.

1. IND.CODE 35–42–1–5 (1993).

2. I.C. 35–42–1–1 (1993).

We reverse and remand.

The facts most favorable to the State reveal that Wright and Richard Wright ("Richard") were involved in an argument which caused Wright to stab Richard. Richard died as a result of the stabbing. Wright was arrested and charged with murder[2].

Although we are cognizant of the issue Wright raises in his appeal, our review of the record reveals a more compelling issue which we must consider: whether Wright's conviction of reckless homicide violated his right to due process of law.

Fundamental error is error that not corrected would deny the defendant due process. *Ward v. State* (1988), Ind., 519 N.E.2d 561, 562. An error fundamental in nature need not be raised by the defendant but should be addressed *sua sponte* on appeal. *Garcia v. State* (1982), Ind.App., 433 N.E.2d 1207, 1209. This court will review an issue not properly raised and preserved only when a blatant violation of basic principles has occurred, and the harm or potential for harm cannot be denied. *Ward, supra,* at 562.

It is a denial of due process of law to convict a defendant of a charge not made because a defendant is entitled to limit his defense to those matters with which he stands accused. *Maynard v. State,* (1987), Ind.App. 508 N.E.2d 1346, 1351, trans. denied; *Garcia,* supra, at 1209. Where instructions are given or a verdict is rendered on a particular offense which is not the same offense as the offense charged reversal is usually warranted. *Maynard,* supra, at 1351.

Wright was charged and tried for murder. During the course of their deliberations, the jury came back and asked the trial court if they could find Wright guilty of reckless homicide. In response to the jury's question, the trial court read the statutory provisions which define the degrees of homicide.[3] The

3. The court read from the following: I.C. 35–42–1–3 (voluntary manslaughter); I.C. 35–42–1–4 (involuntary manslaughter); I.C. 35–42–1–5 (reckless homicide); I.C. 35–42–2–1 (battery); and I.C. 35–41–2–2(c) (definition of reckless).

jury subsequently found Wright guilty of reckless homicide.

 A defendant can be convicted of a lesser included offense of the greater offense charged if the information actually charged all the elements of the lesser offense.[4] *Hillard v. State* (1987), Ind.App., 509 N.E.2d 1124, 1125. When a prosecutor charges the greater offense in language closely tracking the statutory definition of that offense and the prosecutor does not insert additional language showing an intent to charge any lesser offenses, the information must be held to charge only the greater offense. *Slayton v. State* (1984), Ind.App., 471 N.E.2d 1154, 1157.

The information against Wright read as follows:

[Murder]

Bruce L. Outlaw, Sr., upon oath, says that on or about July 4, 1993, in the County of Lake, State of Indiana, Jessie Lee Wright did knowingly or intentionally kill Richard Wright by means of a knife, a deadly weapon, contrary to IC 35–42–1–1 and against the peace and dignity of the State of Indiana.

Record, p. 5.

The information charged that Wright killed Richard with the specific intent to do so. It is clear that the state sought only to charge Wright for murder. See *Sills v. State* (1984), Ind., 463 N.E.2d 228, 235, *reh. denied* (citing *Jones v. State* (1982), Ind., 438 N.E.2d 972).

The trial court's response to the jury's question injected an offense for which Wright was not charged. We conclude that this constituted a violation of Wright's fundamental right to due process of law. Accordingly, his conviction cannot stand.

Because fundamental error requires reversal we need not address any other issues Wright raises in his appeal.

The judgment of the trial court is reversed and the case is remanded for a new trial.

SHARPNACK, C.J., concurs.

GARRARD, J., dissents and files separate opinion.

GARRARD, Judge, dissenting.

I respectfully dissent from the majority analysis and conclusion in this appeal. At least since Judge Staton's opinion in *Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098, Indiana cases have expressly recognized that lesser included offenses come in essentially two flavors. Inherently included offenses are those which are necessarily included in the greater charge. That is to say, the greater offense cannot be committed without necessarily committing all the elements of the lesser. On the other hand, "factually" or "possibly" included offenses are those which, depending upon the factual circumstances of the particular case, may also be included in the charge of a greater offense. For example, battery may be a lesser included offense to an attempted murder charge where the information alleges the necessary infliction of a wound. See, *Leon v. State* (1988), Ind., 525 N.E.2d 331.

In *Jones v. State* (1982), Ind., 438 N.E.2d 972, 975 our supreme court recognized that concerning possibly included offenses, the state could exercise affirmative control of their availability as included lesser offenses through the manner in which it chose to draft the information by either including or omitting the factual allegations necessary to the lesser offense. The control feature works because, as Judge Staton points out in the majority opinion, it is considered a denial of due process to convict an accused of a crime that he was not put on notice of by the charging information.

That, however, was not the problem presented in *Sills v. State* (1984), Ind., 463 N.E.2d 228 and the cases that have followed it. In *Sills* the court applied the *Jones* dictum to hold that in a murder case the court

---

4. However, the Indiana Supreme Court has noted that when the evidence indicates a direct attack by the defendant upon the victim resulting in the victim's death, reckless homicide cannot be an included offense of murder and that a jury instruction on reckless homicide in such case would lead to the possibility of an improper compromise verdict. *Mueller v. State* (1988), Ind., 517 N.E.2d 788, 792 and *Heald v. State* (1986), Ind., 492 N.E.2d 671, 683, *reh. denied.*

properly refused an instruction on an inherently included offense. It appears that the court misspoke itself in doing so. If a lesser offense is inherently included, then by definition any information sufficient to charge the greater offense necessarily charges the lesser. Only two justices signed the lead opinion in *Sills*. Justice Prentice dissented and Justices Givan and Pivarnik filed a separate opinion concurring in result. While that opinion urges no disagreement with applying the *Jones* dictum to inherently included offenses, I believe that *Sills* and its progeny should be strictly limited to their facts.

This brings us then to the question of fundamental error on which the majority premises its determination to reverse. In a footnote the majority cites *Mueller v. State* (1988), Ind., 517 N.E.2d 788 and *Heald v. State* (1986), Ind., 492 N.E.2d 671 for the proposition that when the evidence indicates a direct attack by the defendant reckless homicide cannot be an included offense to murder. In *Mueller* the court relied upon *Sills* for the proposition that there was no error, and in *Heald* the court was not concerned with the charging language but with the fact that the evidence at trial failed to support the notion of a reckless act. More recently, in *Mitchell v. State* (1989) Ind., 541 N.E.2d 265, 270 the court held a reckless homicide instruction properly refused on the evidence but stated,

> Reckless homicide is a criminal offense involving the killing of a human being and is distinguished from murder and manslaughter by its lesser culpability. It is therefore, in general, an offense included in both murder and manslaughter. The murder count alleged the appellant knowingly killed Lowe by shooting him. This pleading is not cast in such a manner as to exclude reckless homicide as a possible lesser and included offense. [citations omitted.] [5]

Of course, if reckless homicide is considered an inherently included offense to the

charge of murder, then Wright's due process rights were not violated when the jury was permitted to convict him of that offense. But it seems to me that there is an even more compelling reason for our determination that Wright was not denied due process of law in his conviction.

The right to due process belongs to him. He may, therefore, waive it. I would find that he did so. At the conclusion of the trial he requested final instructions to the jury on both criminal recklessness and involuntary manslaughter. (Criminal recklessness was properly refused since the wound he inflicted caused the victim's death. *Swafford v. State*, supra, fn. 1; *McClain v. State* (1979), 182 Ind.App. 43, 393 N.E.2d 261.) Furthermore, when the jury sent its query to the judge about lesser offenses, specifically reckless homicide, Wright's counsel did not object to advising them concerning either reckless homicide or involuntary manslaughter. I would conclude both that reckless homicide was a lesser included offense and that Wright waived any due process right concerning a conviction for reckless homicide.

Finally, the gravamen of the appeal is Wright's assertion that the court erred when in response to the jury's inquiry and after conferring with counsel it elected to further instruct the jury by reading to it the statutes defining the various homicide offenses. While I believe the court erred in doing so the error was both waived and harmless. Considering the conviction, it was waived because counsel made only a general objection and apparently agreed that instructing on involuntary manslaughter or reckless homicide was all right. It was harmless error for the same reason in view of the verdict actually returned.

I would affirm the conviction.

**5.** In the earlier case of *Barker v. State* (1957) 238 Ind. 271, 150 N.E.2d 680 the court traced the history of homicide offenses and concluded that a murder charge comprehended every grade of felonious homicide. In *O'Conner v. State* (1980) 272 Ind. 460, 399 N.E.2d 364 the court noted that involuntary manslaughter and reckless homicide both derive from manslaughter so the historical status of manslaughter as an included offense applies to both. When death ensues, however, the court need not consider non-homicide lesser offenses. See, e.g. *Swafford v. State* (1981) Ind., 421 N.E.2d 596.