## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 25 2017, 9:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dontez Demitri Bryant,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 25, 2017

Court of Appeals Case No.
82A01-1701-CR-41

Appeal from the Vanderburgh
Superior Court

The Hon. Robert J. Pigman, Judge

Trial Court Cause No.
82D03-1604-F1-2262

**Bradford, Judge.**

# Case Summary

In April of 2016, Appellant-Defendant Dontez Bryant was sitting and talking on an Evansville front porch with Antonio Bushrod, Jr., and two others. At some point, Bryant stood as if to leave, but instead drew a handgun, approached Bushrod, and shot him once in the chest at close range. The State charged Bryant with Level 1 felony attempted murder and Level 5 felony possession of a firearm without a license. Following trial, a jury found Bryant guilty of attempted murder, and the State dismissed the weapons charge. The trial court sentenced Bryant to thirty-five years of incarceration. Bryant contends that the State failed to prove that he had the specific intent to kill Bushrod and that his sentence is inappropriately harsh. Because we disagree with both contentions, we affirm.

# Facts and Procedural History

On April 16, 2016, Charles Jones was on the porch of his Evansville home with Bushrod and two other persons. At some point, Bryant arrived in his car and shook Bushrod's hand; shortly thereafter, Jones left, leaving Bryant and Bushrod on the porch. Jones returned approximately half an hour later when he heard a gunshot, and while he did not witness what had occurred, a surveillance system caught the shooting from two angles. At some point after Jones left, Bryant stood on the porch as if to leave, drew a handgun, walked

over to Bushrod, and shot him in the chest. Bushrod fell out of his chair as the others on the porch took cover.

[3] On April 18, 2016, the State charged Bryant with Level 1 felony attempted murder and Level 5 felony possession of a firearm without a license. On November 3, 2016, the jury found Bryant guilty of attempted murder, and the State dismissed the possession of a firearm without a license charge. On December 13, 2016, the trial court sentenced Bryant to thirty-five years of incarceration. Bryant contends that the State failed to produce sufficient evidence to sustain a finding that he intended to kill Bushrod when he shot him and that his sentence is inappropriately harsh.

# Discussion and Decision

## I. Intent to Kill

[4] Bryant contends that the State produced insufficient evidence to establish that he intended to kill Bushrod when he shot him in the chest. When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the factfinder's role to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* We consider conflicting evidence in the light most favorable to the trial court's ruling. *Id.* We affirm the conviction unless no

reasonable fact-finder could find that the elements of the crime were proven beyond a reasonable doubt. *Id.*

[5] To convict Bryant of Level 1 felony attempted murder, the State was required to prove beyond a reasonable doubt that Bryant, while acting with the specific intent to kill another person, engaged in conduct constituting a substantial step toward the killing. Ind. Code §§ 35-41-5-1, 35-42-1-1; *Blanche v. State*, 690 N.E.2d 709, 712 (Ind. 1998). The heightened requirement of proof of specific intent to kill in attempted murder cases is based upon the stringent penalties for attempted murder and ambiguities often involved in proving such a charge. *Rosales v. State*, 23 N.E.3d 8, 12 (Ind. 2015) (citing *Hopkins v. State*, 759 N.E.2d 633, 637 (Ind. 2001)).

[6] The jury may infer specific intent to kill from "the nature of the attack and the circumstances surrounding the crime." *Kiefer v. State*, 761 N.E.2d 802, 805 (Ind. 2002). Intent to kill may be inferred "from the use of a deadly weapon in a manner likely to cause death or great bodily injury." *Id.* (citation omitted). "Further, our supreme court has held that discharging a weapon in the direction of a victim is substantial evidence from which the jury could infer intent to kill." *Corbin v. State*, 840 N.E.2d 424, 429 (Ind. Ct. App. 2006) (citing *Leon v. State*, 525 N.E.2d 331, 332 (Ind. 1988)). Moreover, where discharge of a firearm is concerned, the distance between the defendant and victim is also a relevant consideration in determining whether the defendant specifically intended to kill the victim. *See Richeson v. State*, 704 N.E.2d 1008, 1010 (Ind. 1998).

The surveillance footage shows that Bryant draw a handgun, stood up, moved in Bushrod's direction, aimed the gun at Bushrod's chest, and fired at very nearly point-blank range. After shooting Bushrod, Bryant ran to his car and drove off. The surveillance video clearly shows Bryant using a deadly weapon in a way likely to cause death or serious injury, *i.e.*, deliberately shooting Bushrod in the chest from no more than a couple of feet away. From this evidence, the jury was entitled to infer the specific intent to kill. Bryant argues that the record as a whole fails to establish the specific intent to kill because Bushrod did not testify that the conversation leading up to the shooting turned "aggressive" or "to fighting[.]" Tr. p. 101. This, however, is an invitation to reweigh the evidence, which we will not do. *See Drane*, 867 N.E.2d at 146. Bryant has not established that the State failed to produce sufficient evidence to sustain his conviction for attempted murder.

## II. Inappropriateness of Sentence

We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[A] person who commits a Level 1 felony (for

a crime committed after June 30, 2014) shall be imprisoned for a fixed term of between twenty (20) and forty (40) years, with the advisory sentence being thirty (30) years." Ind. Code § 35-50-2-4(b). As mentioned, the trial court sentenced Bryant to thirty-five years of incarceration, or five years more than the advisory sentence for Level 1 felony attempted murder.

[9] The nature of Bryant's attempted murder is somewhat egregious to the extent that it appeared to be premeditated and cold-blooded. Bryant arrived at Jones's house, shook Bushrod's hand, and engaged him in conversation for almost a half hour. Then, Bryant stood as if to leave, drew a firearm, and suddenly shot Bushrod in the chest as he sat in a chair. Bryant immediately fled the scene and then the jurisdiction; Bryant was eventually apprehended in Milwaukee, Wisconsin. According to the surgeon who treated Bushrod, he was "very lucky" to be alive and would have to live with the bullet in his chest due to the danger of removing it. Tr. p. 120. The nature of Bryant's offense could reasonably justify his enhanced sentence.

[10] Bryant's character also justifies an enhanced sentence. Bryant, twenty-three at the time of the shooting, had already amassed a somewhat extensive criminal record by the time he shot Bushrod. Between 2011 and 2015, Bryant was convicted of three felonies and seven misdemeanors, which resulted in probation and incarceration. Indeed, Bryant was on probation when he shot Bushrod. Bryant was evaluated pursuant to IRAS-CST and found to be a "high risk to re-offend." Appellant's Confidential App., Vol. II p. 87. Despite Bryant's frequent contacts with the criminal justice system, he has chosen not to

reform himself; instead, his crimes have escalated from non-violent offenses to attempted murder at the age of twenty-three. Bryant's character reasonably justifies his enhanced sentence. Bryant has failed to establish that his thirty-five-year sentence for Level 1 Felony attempted murder is inappropriate in light of the nature of his offense and his character.

[11] We affirm the judgment of the trial court.

Najam, J., and Riley, J, concur.