## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 06 2018, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Willie L. Amos,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 6, 2018

Court of Appeals Case No.
02A03-1710-CR-2304

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Jr., Judge

Trial Court Cause No.
02D04-1608-F1-13

**Bailey, Judge.**

# Case Summary

[1] Willie L. Amos ("Amos") challenges his conviction for Attempted Murder, a Level 1 felony.[1]  He presents the sole issue of whether the trial court abused its discretion when it refused to instruct the jury on Battery with a Deadly Weapon, a Level 5 felony.[2]  We affirm.

# Facts and Procedural History

[2] Amos and Rosita York ("York") were involved in a romantic relationship that ended in April of 2016.  After the break-up, York obtained a protective order against Amos.  Nonetheless, Amos continued to contact and threaten York.

[3] On August 23, 2016, Amos told York that he was planning to kill himself and York at York's workplace.  The next day, York drove to her mother's house in Fort Wayne to drop off her young daughter.  York's daughter exited the vehicle and York remained inside, talking to Amos's father on the cell phone.  Amos's father advised York, "Baby, just drive.  Just drive."  (Tr. at 144.)  York saw Amos's vehicle pull up behind her, and she took off with Amos in pursuit.

[4] York called 9-1-1 to report that Amos was chasing her and shooting at her vehicle.  At the intersection of Harrison Street and Lexington Avenue, Amos

---

[1] Ind. Code §§ 35-42-1-1, 35-41-5-1.  He does not challenge his convictions for Unlawful Possession of a Firearm by a Serious Violent Felon, a Level 4 felony, I.C. § 35-47-4-5, or Dealing in a Schedule I Controlled Substance, as a Level 2 felony, I.C. § 35-48-4-2.

[2] I.C. § 35-42-2-1(g)(2).

shot out the back window of York's vehicle and rammed the vehicle such that it went over the curb and into a stop sign. Amos backed up and rammed York's vehicle again, but York was able to drive away. When York turned onto Fairfield Avenue, Amos rammed York's vehicle into a tree. He crashed his own vehicle into a fence.

[5] In view of neighbors and other motorists, Amos crawled out of his vehicle window and retrieved his gun. York, screaming that Amos was going to kill her, ran to the back of her vehicle. As Amos headed toward York, Sashelle Rose yelled out "sir, please don't do it." (Tr. at 177.) Ann Conyers moved between Amos and York and placed her hands on Amos's shoulders, begging him "please don't do this." (Tr. at 191.) Amos pushed Conyers aside.

[6] Amos fired multiple shots at York. Two bullets struck her in the leg. York curled into a fetal position, face-down, and attempted to play dead. Amos approached York more closely and fired a shot into her left back. Amos then kicked York in the mouth and stomped on her head and back. Amos ran down Pasadena Drive, but was apprehended.

[7] York was hospitalized for twenty-nine days; she endured multiple surgeries including the placement of a rod and pins in her leg. York suffered permanent scarring, numbness, and restricted movement.

[8] Amos was charged with Attempted Murder, Unlawful Possession of a Firearm by a Serious Violent Felon, and Dealing in a Schedule I Controlled Substance.[3] At the conclusion of a jury trial, he was convicted as charged. Amos was sentenced to forty years imprisonment for Attempted Murder, six years for the Unlawful Possession count, to be served consecutively, and seventeen years and 183 days for the Dealing count, to be served concurrently. Thus, Amos received an aggregate sentence of forty-six years. He now appeals.

# Discussion and Decision

[9] Prior to trial, Amos tendered a jury instruction on the offense of Battery with a Deadly Weapon, a Level 5 felony. He contended that the crime of Attempted Murder, as charged by the State in his case, included the offense of Battery. After hearing argument of counsel, the trial court refused the proffered instruction, finding no serious evidentiary dispute as to whether Amos intended to kill or batter York.

[10] Instructing the jury lies within the sole discretion of the trial court. *Carter v. State*, 766 N.E.2d 377, 382 (Ind. 2002). When determining whether to give a lesser-included offense instruction, trial courts apply the three-part test set forth

---

[3] This charge was based upon the discovery of a large amount of MDMA (commonly referred to as Ecstasy) in Amos's vehicle.

by our Indiana Supreme Court in *Wright v. State*, 658 N.E.2d 563 (Ind. 1995). This test has been described as follows:

> The first two parts require the trial court to determine whether the offense is either inherently or factually included in the charged offense. If so, the trial court must determine whether there is a serious evidentiary dispute regarding any element that distinguishes the two offenses. … Where a trial court makes such a finding, its rejection of a tendered instruction is reviewed for an abuse of discretion.

*Wilson v. State*, 765 N.E.2d 1265, 1271 (Ind. 2002) (citations, quotation, and footnote omitted).

[11] If the evidence of record fails to support giving an instruction on an inherently or factually included lesser offense, the trial court should not give it to the jury. *Wright*, 658 N.E.2d at 567. When a trial court refuses a tendered lesser-included offense instruction on the merits, but the record does not provide a finding of no serious evidentiary dispute or a specific claim from the defendant as to the nature of the dispute, the standard of review is an abuse of discretion. *Pinkston v. State*, 821 N.E.2d 830, 840 (Ind. Ct. App. 2004), *trans. denied*. "The same is true if the trial court does make a finding that there is no serious evidentiary dispute." *Brown v. State*, 703 N.E.2d 1010, 1020 (Ind. 1998). However, where the defendant at trial identifies a specific evidentiary dispute but the trial court does not make a *Wright* finding, de novo is the appropriate standard of review. *Id.*

[12] Amos was charged with Attempted Murder, which required proof that he, with intent to kill York, engaged in conduct which was a substantial step toward such killing. *Richeson v. State*, 704 N.E.2d 1008, 1009 (Ind. 1998). The elements of Battery with a Deadly Weapon are: knowingly or intentionally touching another person in a rude, insolent, or angry manner by means of a deadly weapon. I.C. § 35-42-2-1(g)(2); *Matthews v. State*, 476 N.E.2d 847, 849 (Ind. 1985). Thus, Battery with a Deadly Weapon requires a touching. Because it is possible to attempt murder without touching the intended victim, Battery is not an inherently lesser-included offense of Attempted Murder. *Leon v. State*, 525 N.E.2d 331, 332 (Ind. 1988).

[13] However, battery may be a factually included lesser offense to the charge of Attempted Murder. *See Pinkston*, 821 N.E.2d at 841 (Battery was a factually lesser-included offense of Attempted Murder where the charge was that the defendant "discharged a firearm at and/or against the body of [the victim].") Here, the charging information for Count I alleged:

> Willie L. Amos did attempt to commit the crime of Murder, to wit: with intent to kill another human being, to wit: Rosita C. York, said Defendant engaged in conduct constituting a substantial step toward the commission of the crime of Murder, to wit: by discharging a firearm at or against the body of Rosita C. York[.]

App. Vol. I at 20. Based upon this charging information, alleging touching by means of a firearm, Battery with a Deadly Weapon is a lesser included offense of Attempted Murder. Therefore, the trial court was obliged to consider

whether there was a serious evidentiary dispute regarding an element distinguishing the two offenses.

[14] The distinguishing element is intent to kill. Amos claims that his intent was in dispute. We have observed, "The intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily injury, in addition to the nature of the attack and circumstances surrounding the crime." *Fuentes v. State*, 10 N.E.3d 68, 75 (Ind. Ct. App. 2014), *trans. denied*. Additionally, our supreme court has held that firing a weapon in the direction of a victim is substantial evidence from which a jury could infer intent to kill. *Leon*, 525 N.E.2d at 332.

[15] After repeatedly threatening to kill York, Amos pursued her in a vehicular chase, shot out the back window of York's vehicle, repeatedly rammed it, and ultimately caused it to become disabled. Amos retrieved a firearm and approached York; he fired multiple shots at close range. While York lay face-down in a fetal position on the ground, Amos fired a shot into her back. He kicked her mouth and stomped on her head and back. The evidence of record does not reveal a serious evidentiary dispute as to whether Amos intended to kill York or rather to batter her.

## Conclusion

[16] The evidence did not warrant a battery instruction. Accordingly, the trial court did not abuse its discretion by refusing the proffered instruction.

Affirmed.

Kirsch, J., and Pyle, J., concur.