

FILED

Jun 28 2019, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Graham Law Firm P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alain Kiiwon Powell, Jr., *Appellant-Defendant,* v. State of Indiana, *Appellee-Plaintiff* | June 28, 2019 <br><br> Court of Appeals Case No. 18A-CR-1812 <br><br> Appeal from the Tippecanoe Circuit Court <br><br> The Honorable Sean M. Persin, Judge <br><br> Trial Court Cause No. 79C01-1703-F1-4 |

**May, Judge.**

Alain Kiiwon Powell Jr. appeals his conviction of Level 1 felony attempted murder[1] for the shooting of Davyn Nichols. He presents three issues for our review, which we restate as:

1. Whether the State presented sufficient evidence Powell committed Level 1 felony attempted murder for the shooting of Davyn Nichols;

2. Whether the trial court abused its discretion when it gave a modified version of the State's proffered jury instruction regarding transferred intent; and

3. Whether Powell's two convictions of Level 1 felony attempted murder violated double jeopardy.

We affirm in part, reverse in part, and remand.

## Facts and Procedural History

In March 2017, Travis Nichols purchased a Ford Taurus from Tyler Howard. Shortly thereafter, Howard asked to borrow the vehicle, and he did not return it. On March 20, 2017, Travis, Davyn Nichols, and Troy Clements drove in a black Cadillac to the house where they believed the Taurus was parked. Travis was driving, Davyn was in the passenger seat, and Clements was in the back seat of the black Cadillac.

---

[1] Ind. Code § 35-42-1-1 (murder); Ind. Code § 35-41-5-1 (attempt).

[3]     Around the same time Powell, Brittany Warren, and a third unidentified person were in an orange Cadillac. Warren received a call from Howard, who told her that Travis was in a black Cadillac in front of Howard's house. Howard indicated he suspected Travis was there to take back the Taurus and there might be a physical altercation.

[4]     Powell drove the orange Cadillac to Howard's house and saw the black Cadillac with Travis in the driver's seat. Powell pulled up to the black Cadillac so that the driver's side of the orange Cadillac was next to the passenger side of the black Cadillac. Powell rolled down the window and asked if Travis "got a problem with" Howard, whom Powell referred to as his "brother." (Tr. Vol. II at 86-7.) Powell and Travis then began to argue.

[5]     Davyn saw Powell holding a gun and told Travis that Powell had a gun. Travis said to Powell, "why you bring a gun to a fight for you know I aint got no gun." (*Id.* at 126) (errors in original). Travis started to pull away from Powell, and Powell fired five to six shots at Travis' vehicle. Two of the shots hit Davyn, who suffered multiple injuries and would have died without medical attention.

[6]     Police later apprehended Powell at his father's apartment. On March 24, 2017, the State charged Powell with three counts of Level 1 felony attempted murder for the attempted murders of Clements, Travis, and Davyn; Level 3 felony aggravated battery of Davyn;[2] Level 5 felony battery of Davyn by means of a

---

[2] Ind. Code § 35-42-2-1.5.

deadly weapon;[3] Level 5 felony battery of Davyn resulting in bodily injury;[4] Level 5 felony criminal recklessness for firing the gun;[5] and Class A misdemeanor carrying a handgun without a license.[6]  The State subsequently filed an information alleging Powell's sentence could be enhanced because he used a firearm to commit these crimes.[7]  In addition, the State filed a charging information alleging Powell committed Level 5 felony carrying a handgun without a license with a prior felony conviction.[8]

[7]   After a four-day trial, the jury returned a not guilty verdict on the attempted murder charge for Clements and guilty verdicts on all other charges.  The jury was dismissed, and then the trial court found Powell was eligible for the firearm enhancement.  On July 9, 2018, the trial court entered convictions for two counts of attempted murder and one count of carrying a handgun without a license.  The trial court sentenced Powell to thirty-two years for each attempted murder conviction, to be served consecutive to each other but concurrent with five years for Level 5 felony carrying a handgun without a license with a prior

---

[3] Ind. Code § 35-42-2-1(g)(2).

[4] Ind. Code § 3542-2-1(g)(1).

[5] Ind. Code § 35-42-2-2(b)(2).

[6] Ind. Code § 35-47-2-1.

[7] Ind. Code § 35-50-2-11.

[8] Ind. Code § 35-47-2-1(e)(2)(B).

felony conviction. Thus, the court imposed an aggregate sentence of sixty-four years.

# Discussion and Decision

## Sufficiency of the Evidence

[8] When reviewing sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the fact-finder's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the ruling. *Id*. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the decision. *Id*. at 147.

[9] Powell argues the State did not present sufficient evidence to support his conviction of Level 1 felony attempted murder of Davyn. Powell concedes the evidence supports his conviction for the attempted murder of Travis because Powell drove up to Travis' vehicle and spoke directly to Travis. However, Powell contends the State did not prove he possessed the requisite intent to kill Davyn, despite the fact she was the person injured in the shooting. We disagree.

[10] Murder is defined as "knowingly or intentionally kill[ing] another human being," Ind. Code § 35-42-1-1(1) (2017), and attempt is defined as acting with the culpability required for a crime while taking a substantial step toward committing that crime. Ind. Code § 35-41-5-1 (2014) (elements of attempt). However, our Indiana Supreme Court has held that, for a person to be convicted of attempted murder, "the State must prove beyond a reasonable doubt that the defendant [acted] with intent to kill the victim." *Sprandlin v. State*, 569 N.E.2d 948, 950 (Ind. 1991).

[11] In *Corbin v. State*, 840 N.E.2d 424 (Ind. Ct. App. 2006), we summarized existing precedent regarding the State's burden in presenting evidence of intent in an attempted murder case:

> Intent to kill may be inferred from the use of a deadly weapon in a manner likely to cause death or great bodily injury, in addition to the nature of the attack and circumstances surrounding the crime. *Gall v. State*, 811 N.E.2d 969, 975 (Ind. Ct. App. 2004). . . . Further, our supreme court held that discharging a weapon in the direction of a victim is substantial evidence from which the jury could infer intent to kill. *Leon v. State*, 525 N.E.2d 331, 332 (Ind. 1988).

*Id*. at 429.

[12] Here, Powell confronted Travis after Howard called Powell and indicated Travis may instigate a physical confrontation over the Ford Taurus. Powell and Travis traded words regarding Howard, and Travis testified he was "being another smart butt." (Tr. Vol. II at 126.) While Powell and Travis were

speaking to each other, Davyn commented that Powell was loading a gun. Powell's vehicle was situated on Davyn's side of Travis' vehicle, as Powell's driver side was adjacent to the passenger side of Travis' vehicle. Powell then aimed at Travis' vehicle and fired five to six shots as Travis drove away. Based on the ongoing animosity between the parties, Powell's use of a deadly weapon, and the act of firing multiple shots on the side where Davyn was sitting, we conclude the State presented sufficient evidence Powell had intent to kill Davyn and thus committed Level 1 felony attempted murder against Davyn. *See Perez v. State*, 872 N.E.2d 208, 214 (Ind. Ct. App. 2007) (ongoing hostilities between parties and use of a deadly weapon sufficient to prove Perez committed attempted murder when he fired shots at a car containing rival gang members), *trans. denied*.

## Jury Instruction Regarding Transferred Intent

[13] To preserve a claim of error in the giving of a jury instruction, trial counsel must timely object and clearly identify the "claimed objectionable matter and the grounds for the objection." *Scisney v. State*, 701 N.E.2d 847, 849 (Ind. 1998). Here, the State proffered an instruction that stated:

> Under the doctrine of transferred intent, the intent to harm one person may be treated as the intent to harm a different person when, through mistake or inadvertence, violence directed towards one person results in injury to a different person.

> In a situation where there is an intent to kill one person, but a different person suffers the injury and dies, the intent to kill the

first person may serve as proof of the intent to kill the actual victim.

This doctrine may be applied to the intent necessary for attempted murder.

(App. Vol. II at 198.) Powell objected, arguing,

I don't have a problem with the first paragraph for transfer and intent but the second paragraph when it starts to talk in a situation and this was their proposed instruction a situation where there is an intent to kill a person but a different person suffers injuries and dies, my argument Judge on this is these are facts that are not in evidence and facts and instructions that point to anything must be in the evidence and there is a case that states that using an instruction that assumes facts that are not in evidence is fundamental error and I would say that none of those fact, no one died those facts are not in evidence[.]

(Tr. Vol. III at 165) (errors in original). After discussion between the parties and the trial court, Powell agreed to use of the instruction as modified, which stated, "Under the doctrine of transferred intent, the intent to harm one person may be treated as the intent to harm a different person when, through mistake or inadvertence, violence directed towards one person results in injury to a different person." (App. Vol. II at 198.)

[14] On appeal, Powell argues the instruction regarding transferred intent, to which he assented to upon modification, is an incorrect statement of law. However, Powell invited the error of which he now complains by agreeing to use a modified version of the transferred intent instruction. *See Wright v. State*, 828

N.E.2d 904, 907 (Ind. 2005) (under the invited error doctrine, "a party may not take advantage of an error that she commits, invites, or which is the natural consequence of her own neglect or misconduct"). "Invited errors are not subject to appellate review, and a party therefore may not invite error, and then subsequently argue that the error requires reversal." *Oldham v. State*, 779 N.E.2d 1162, 1171 (Ind. Ct. App. 2002), *trans. denied*. As Powell assented to the use of a transferred intent instruction, he cannot now complain the instruction was an incorrect statement of the law. *See Gamble v. State*, 831 N.E.2d 178, 187 (Ind. Ct. App. 2005) ("[e]rror invited by the complaining party is not reversible error"), *trans. denied*.

## Double Jeopardy

Article 1, Section 14 of the Indiana Constitution provides that "no person shall be put in jeopardy twice for the same offense." Two or more offenses are the same if, "with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999).[9] Powell argues his convictions of Level 1 felony attempted murder violate double jeopardy because the evidence presented was identical for each count. We agree.

---

[9] The holding in *Richardson* was modified by *Garrett v. State*, 992 N.E.2d 710 (Ind. 2013). However, *Garrett* further clarified the holding in *Richardson* as it applied to retrial after an acquittal, which is not at issue in this case. *Id*. at 723.

[15]     Here, the State presented evidence Powell shot at Travis' car five times, ultimately injuring Davyn. As we noted supra, there was no additional evidence that Powell intended to kill a specific victim or took additional steps to kill a specific victim. Thus, it is possible that some or all of the evidence used to prove Powell's attempted murder of Travis could also be used to prove Powell's attempted murder of Davyn, and we conclude Powell's two convictions of Level 1 felony attempted murder violate his right against double jeopardy. *See Curry v. State*, 740 N.E.2d 162, 166-7 (Ind. Ct. App. 2000) (holding violation of double jeopardy based on actual evidence test in an incident involving a "single incident of brutality"), *trans. denied*.

[16]     Accordingly, we vacate the Level 1 felony conviction involving Davyn. Here the trial court merged Powell's guilty verdict of Level 3 felony aggravated battery into the Level 1 felony attempted murder conviction as it related to Davyn. As we have reversed that attempted murder conviction, it is therefore appropriate for the trial court to reinstate the Level 3 felony aggravated battery conviction and sentence Powell accordingly. *See Ritchie v. State,* 243 Ind. 614, 618, 189 N.E.2d 575, 576 (1963) ("review court, in a proper case, may modify a judgment of conviction below and affirm it as a conviction of a lesser degree of the offense charged, or of a lesser crime included therein, where the errors do not affect the conviction of the lesser offense") (quoting 5 Am.Jur.2d Appeal and Error § 938).

# Conclusion

[17]    We hold the State presented sufficient evidence to prove Powell committed Level 1 felony attempted murder as to Davyn. Additionally, the trial court did not commit fundamental error when it allowed an instruction regarding transferred intent. However, Powell's two attempted murder convictions violate double jeopardy because they arose from the same incident of brutality and thus we vacate Powell's conviction of Level 1 felony attempted murder as to Davyn, reinstate his conviction for Level 3 felony aggravated battery as to Davyn, and remand to the trial court for resentencing.

[18]    Affirmed in part, reversed in part, and remanded.

Mathias, J., and Brown, J., concur.